Argued at Pendleton October 31, reversed and remanded December 6, 1921.

## PATTERSON ET UX. *v.* HOWE.

(202 Pac. 225.)

**Physicians and Surgeons—In Malpractice Action, Terms of Employment Need not be Stated.**

1. Where complaint in malpractice action alleged that plaintiff employed defendant to do the dental work complained of, it is not necessary to allege the terms of the contract and its consideration; the action sounding in tort and the allegation of employment being matter of inducement only.

**Physicians and Surgeons—Instructions Approved.**

2. In dentistry malpractice case, instructions given *held* proper.

**Trial—Covered Instructions Properly Refused.**

3. Requested instructions covered by the instructions given are properly refused.

**Evidence—Real Evidence, Produced to Arouse Feeling, is Inadmissible.**

4. When real evidence is produced merely for the purpose of arousing feeling, it is error to admit it.

---

1. Duty and liability of dentist to patient, see notes in 93 **Am. St. Rep.** 667; **Ann. Cas.** 1914A, 273; **Ann. Cas.** 1918C, 1190.

**Physicians and Surgeons—Evidence of Effect on Plaintiff's Eyesight Held Admissible.**

5. In dentistry malpractice case, plaintiff's testimony that her eyesight began to fail, that she began to suffer from headaches, and that the condition of her health and nerves became impaired after the operation complained of, *held* admissible, where, from other evidence, the jury might infer that such conditions resulted from injuries from the operation.

**Evidence—Conclusions as to Matter of Law Inadmissible.**

6. In a dentistry malpractice case, it was proper to refuse to permit defendant to ask a witness: "What kind of skill and ability is a dental surgeon supposed to exercise in a case brought to him?" as the question called for a conclusion of law.

**Evidence—Permitting Inspection of Plaintiff's Jaw Held Proper.**

7. In a dentistry malpractice case, *held* it was proper to allow the jury to inspect plaintiff's injured jaw.

**Evidence—Inspection of Injury Usually Allowed.**

8. In personal injury cases, it is the usual practice to permit the jury to inspect the injured part.

**Evidence—Complaints of Patient to Physician Held Admissible.**

9. In dentistry malpractice case, testimony of the physician of complaints made by the plaintiff about her eyes, during the time he was treating her for the extraction of the tooth, were admissible, as complaints made by a patient to a physician as to pain and suffering assist the physician in diagnosing the case.

**Physicians and Surgeons—Evidence of Condition of Optic Nerve of Plaintiff Held Admissible.**

10. In dentistry malpractice action, testimony of a doctor as to the condition of plaintiff's optic nerve as found by him upon examination one year subsequently to the extraction of the tooth *held* admissible on the question of damages; there being testimony connecting this condition with the tooth extraction.

**Evidence—Question to Expert as to Qualification of Another Expert Held Improper.**

11. In dentistry malpractice case, the court properly refused to allow a doctor, a witness for defendant, to answer, over plaintiff's objection, the question, "Would an ordinary medical practitioner that has never studied dentistry or had any experience in dentistry be qualified, in your judgment, to testify as an expert upon dental operations?" as the question related to the qualifications of another physician than the witness, a question of law for the court.

---

9. Admissibility of testimony of physician as to statements made to him by patient relating to history of the case, see note in 14 Ann. Cas. 449.

**Husband and Wife—Husband Improper Party in Wife's Action for Malpractice.**

12. Action for damages for dentist's malpractice in treating plaintiff wife, being one to recover for a wrong against her person under Section 30, Or. L., the wife, and not the husband, was the real party in interest, and he was neither a necessary nor proper plaintiff.

**Appeal and Error—Objection must Initiate Below.**

13. Erroneous joining of husband in wife's suit, not being brought to attention of court below, was not reviewable, as the Supreme Court has no power to review on appeal matters of mere practice to which the lower court's attention was not directed.

**Witnesses — That Cross-examination is upon Matters not Within Issues not Available Objection to One Bringing Such Matters into Direct Examination.**

14. A ruling, made upon a question asked on cross-examination as to a matter which is immaterial because it is not within the issues, ought not to be available as grounds for an exception to one who, in the first instance, on his direct examination, offered testimony upon such immaterial matter, if the question asked on cross-examination was one which would have been proper, had the matter been material.

**Evidence—In Malpractice Case, Eliciting Expert's Opinion on Skill of Operation Held Reversible Error.**

15. In dentistry malpractice case, admitting the testimony of plaintiff's family physician, who saw the operation complained of, that it was unskillful, *held* reversible error, as invading the jury's province.

From Malheur: DALTON BIGGS, Judge.

In Banc.

This is an action for damages resulting to Anna Patterson, one of the plaintiffs, from the alleged negligence of the defendant, W. G. Howe, a dentist, in extracting one of her teeth and in subsequently treating the wound caused by the operation. The plaintiffs are husband and wife. The complaint in substance alleges that Mrs. Patterson employed the defendant to extract her left bicuspid tooth which had not penetrated through the gum; that the defendant, after taking an X-ray radiograph, extracted the tooth and subsequently treated the case in a negligent

and unskillful manner; and that in extracting the tooth the bone at the floor or base of the antrum was broken, producing an open passage between the mouth and the antrum which became and remained infected for months, resulting in necrosis of the surrounding bones and an atrophied condition of plaintiff's optic nerve in the left eye, and in the impairment of health and eyesight. The answer denied the allegations of the complaint and alleged in substance, that the tooth was extracted and the case subsequently treated in a skillful and careful manner; that the infection complained of resulted wholly from abscessed teeth and the diseased condition existing before the operation; that the infection was negligently and carelessly treated by the plaintiff; that the plaintiff disregarded the instructions given her by the defendant; and that her negligence alone produced the results complained of. These allegations were denied by the reply. It appears from the testimony that the tooth which was extracted is what is known as an impacted or an unerupted tooth.

Upon the trial, the plaintiff produced Dr. Whitney, their family physician, who testified over the objection and exception of the defendant, as follows:

"Q. Now, you may answer, Doctor, as to whether or not in your judgment as a physician and surgeon the operation performed by Doctor Howe on the patient there was a skillful dental operation.

"A. Well, it is a very leading question. * *

"Q. Just give your best judgment, Doctor, as to whether or not it was skillful and effective, or whether it was unskillful and ineffective.

"A. In my judgment I consider that operation was misdirected.

"Q. By that do you mean it was unskillful?

"A. Not directed to the right spot. * *

"Q. * * You say he didn't direct his efforts toward the place where the tooth was; then would you say it was a skillful or unskillful operation?

"A. Well, I would be obliged to say that in that case I could not call it skillful."

The defendant moved to strike out the foregoing testimony on the ground that the same was incompetent, irrelevant and immaterial; but the motion was denied, to which ruling the defendant excepted and assigned the same as error. Other facts material to the questions involved will be referred to later in the opinion.

From a judgment in favor of plaintiffs, defendant has appealed and he assigns numerous errors in the record, and also contends that the complaint does not state facts sufficient to constitute a cause of action.

REVERSED AND REMANDED.

For appellant there was a brief and oral argument by *Mr. W. W. Wood.*

For respondents there was a brief over the names of *Mr. P. J. Gallagher, Mr. W. E. Lees* and *Mr. W. H. Brooke,* with an oral argument by *Mr. Gallagher.*

RAND, J.—The objection raised to the sufficiency of the complaint, is that because it is alleged in the complaint that the plaintiff employed the defendant to do the dental work the action is on contract, and therefore, in order to state a cause of action on contract, it is necessary to allege the terms of the contract and the consideration.

This is an action for malpractice, and the cause of action alleged in the complaint is tort. The defend-

ant was a dentist, and in the practice of his profession the law imposed upon him in common with physicians and surgeons in the practice of their profession, the duty of exercising such reasonable and ordinary care, skill and diligence as other members of their respective professions in the same general neighborhood and in the same general line of business ordinarily have and exercise in a like case. The cause of action alleged in the complaint is that the defendant who was employed to extract plaintiff's tooth and who undertook to do the work, performed it in a negligent and unskillful manner, resulting in an injury to the plaintiff. The wrong complained of is his alleged failure to exercise the care and skill which the law required him to exercise on account of his having undertaken to perform the work, and this wrong in conjunction with the damages sustained, constitute a tort. The action being in tort, an allegation of employment is a mere matter of inducement to show the relation between the parties out of which the duty arose: *De Hart* v. *Haun,* 126 Ind. 378 (26 N. E. 61). In numerous classes of cases, torts arise in consequence of a disregard of duty in relations which have been formed by express or implied contract: 1 Cooley on Torts (3 ed.), p. 3, footnote.

"Where the declaration is for the breach of an express or implied contract, and proceeds for nonfeasance, the consideration of the contract must be stated either in terms or in substance; but when it is for a misfeasance or malfeasance, no consideration need be stated." 1 Chit. Pl., p. 383.

"The action against a physician for malpractice need not be based upon a contract though it may be, and usually is. It is sufficient if based upon his legal obligation. The action for malpractice is essentially in tort, and hence it is immaterial by whom the physi-

cian is employed." *Carpenter* v. *Walker,* 170 Ala. 659 (54 South. 60, Ann. Cas. 1912D), and authorities there cited.

All the elements essential to a .cause of action in tort are alleged in the complaint, and it was not necessary for the pleader to allege, either in terms or in substance, the consideration of the contract under which the services were performed.

2, 3. The defendant excepted to each of the following instructions given by the court and to the refusal of the court to give two instructions requested by the defendant. The instructions given and excepted to are as follows:

"It is incumbent therefore on the plaintiff to establish by a preponderance of the evidence, first, that the defendant was negligent; second, that his negligence was the proximate cause of the injury; and third, that plaintiff sustained some damages thereby. If the plaintiff should establish these facts to your satisfaction by a preponderance of the evidence, then you should find for the plaintiff in such damages as you may determine from the instructions which I shall give you and the evidence in the case the plaintiff is entitled to.

"By the 'proximate cause' of the injury is meant that cause without which the injury or damage would not have occurred. It is not every case where an injury takes place that the defendant is liable. It must appear that the injury was the result of negligence on defendant's part.

"The damages sought in this case are: $100 doctor's fee for attention upon the plaintiff's injuries; $60 for employment of an eye specialist. I instruct you if you find that the plaintiff is entitled to recover under the instructions and the evidence and further find that plaintiff has employed a physician and specialist as alleged in that paragraph, then you would allow for such damages such sum as you may deem reasonable for such services. It is further alleged

that plaintiff has suffered damages in the sum of $5,000 by way of great physical suffering and anguish and impairment of her eyesight and disfiguration of her face as a result thereof. In reference to this item, gentlemen, I instruct you that the purpose of the law is to furnish compensation in such a case, if you find that the plaintiff is entitled to recover at all, and you must determine from the evidence that has been introduced to you here, what, if any sum would answer as compensation for such physical pain and injuries, if you find that she suffered such pain and injuries and is entitled to recover for the same under the instructions as given and the evidence in this case."

The instructions, requested and refused, are as follows:

"If you find from the testimony in this case that the plaintiff Anna Patterson did sustain injuries from the operation performed upon her by defendant, and that said injuries were caused wholly or in part by her own acts or negligence, then she cannot recover in this action. In order to recover she must not have contributed to her injury in any degree. It was the duty of said plaintiff to faithfuly follow the reasonable directions of the defendant. If the plaintiff, on leaving defendant's office, was instructed, to return for further treatment, and was instructed in the proper care of her injury, and she failed to return for such treatment, and did not obey the instructions of the defendant as to the care of her injury, then she is guilty of contributory negligence and cannot recover in this action.

"I instruct you that the burden of proof in this case is on the plaintiffs, and to entitle the plaintiffs to recover herein they must prove by a preponderance of the evidence every material allegation contained in their complaint. The presumption is that the defendant possessed the proper degree of dental learning, care and skill to properly treat the jaw and tooth of the plaintiff, Anna Patterson, and that he did not

negligently treat said plaintiff's jaw and tooth as alleged, or negligently do anything which he did do in said case, and did not negligently omit to do anything which he should have done, in the treatment of said plaintiff's injury or ailment. This presumption in favor of the defendant continues until overthrown by a preponderance of the evidence to the contrary. If, therefore, upon the material allegations of plaintiff's complaint, the evidence is equally balanced, or in favor of the defendant, your verdict should be for the defendant.''

We think that the instructions given contain a fair, concise and correct statement of the law applicable to the case, and that it was not error for the court to refuse to give the instructions requested by the defendant because the court charged the jury upon these points as follows:

''By contributory negligence is meant that the plaintiff by her negligence contributes to the injury, if any, sustained by her. If the plaintiff is guilty of contributory negligence as I have defined it to you, then she is not entitled to recover damages. It was the duty of plaintiff to faithfully follow the reasonable directions of the defendant so long as she was under his care. If the plaintiff, on leaving defendant's office was instructed to return for further treatment and also was instructed in the proper care of her injury, and failed to return for such treatment or did not obey the instructions of the defendant as to the care of her injury, and you further find that such failure to return to defendant's office and obey instructions as to the care of the injury contributed to her injury, then she is guilty of contributory negligence and would not be entitled to recover.

''I instruct you that the burden of proof in this case is on the plaintiffs, and to entitle the plaintiffs to recover herein they must prove by a preponderance of the evidence every material allegation contained in their complaint.

"The presumption is that the defendant possessed the proper degree of dental learning, care and skill to properly treat the jaw and tooth of the plaintiff, Anna Patterson, and that he did not negligently treat said plaintiff's jaw and tooth as alleged, or negligently do anything which he did do in said case, and did not negligently omit to do anything which he should have done, in the treatment of said plaintiff's injury or ailment. This presumption in favor of the defendant continues until overthrown by a preponderance of the evidence on the contrary."

We think that the instructions given by the court contain a correct statement of the law of the case, and correctly state the law upon all points referred to in defendant's requested instructions.

4. The defendant assigns as error the introduction in evidence, over his objection and exception, of a number of small particles of bone which the plaintiff testified worked out from the wound at irregular intervals following the extraction of her tooth. We are not prepared to hold that the exhibition of these particles of bone to the jury were of any material disadvantage to the defendant. However, no evidence was offered tending to show that these particles of bone were in the same condition when offered, as they were in when they came from the wound, and if there had been such evidence, this exhibit did not add anything to the testimony which had already been given by the plaintiff. These particles of bone, in themselves, proved nothing, and therefore, their exhibition to the jury was of no evidentiary value. The direct tendency of exhibiting them to the jury was to arouse sympathy for the plaintiff and possibly resentment against the defendant. When real evidence is produced merely for the purpose of arousing feeling, it is error to admit it: 3 Jones on Evid., p. 20.

5. It is urged that the court erred in permitting the plaintiff to testify that her eyesight began to fail; that she began to suffer from headaches and that the condition of her health and nerves became impaired after the operation. From a consideration of other evidence in the case, the jury might reasonably infer that the failing eyesight, headaches and impairment of health resulted from the injuries sustained in the operation, and this testimony was proper to go to the jury upon the question of damages, if the jury should find from the other facts and circumstances in the case that the defendant had been negligent and that such negligence was the proximate cause thereof.

6. Defendant also assigns as error the court's refusal to permit the defendant to ask a witness this question: "Now what kind of skill and ability is a dental surgeon supposed to exercise in a case brought to him, if you know?" The question called for a conclusion of law and the objection was properly sustained.

7, 8. The defendant assigns as error the overruling of defendant's objection to permitting the jury to inspect the wound in plaintiff's jaw resulting from the extraction of the tooth. In personal injury cases, it is the usual practice to permit the jury to inspect the injured part, and it was proper for the jury to see the condition of plaintiff's jaw and for the physician to explain its condition to the jury. This testimony did not prove negligence and was not offered for that purpose, but was competent and proper for the consideration of the jury in connection with other testimony and circumstances of the case upon the question of damages.

9. Defendant's seventh assignment refers to testimony of the physician of complaints made by the

plaintiff about her eyes, which complaints were made during the time he was treating her for the extraction of the tooth. The complaints made by a patient to a physician as to pain and suffering assists the physician in his diagnosis of the patient's case and no error was committed in the introduction of this testimony.

10. Assignment 8 relates to the testimony of Dr. Hudgell as to the condition of the optic nerve of the plaintiff as found by him upon examination one year subsequently to the extraction of the tooth. This testimony was admissible upon the question of damages, there being testimony tending to connect this condition with the injuries resulting from the manner in which the tooth had been extracted. The weight of this testimony was for the jury and whether the condition testified to by the physician was the result of negligent extraction of the tooth was a question for the jury.

11. Defendant predicates error upon the refusal of the court to permit Dr. Fortner, a witness for defendant, to answer the following question over the objection of the plaintiff:

"Now, Doctor, would an ordinary medical practitioner that has never studied dentistry, or had any experience in dentistry, be qualified in your judgment to testify as an expert upon dental operations?"

The question related to the qualifications of another physician and not the qualifications of the witness himself. The objection was properly sustained. The question of whether another physician, a witness in the case, is qualified to testify, is one of law for the court to decide.

12, 13. The defendant urges that the joinder of the husband as a party plaintiff with the wife was erroneous and that a judgment in favor of both husband

and wife for injuries sustained by the wife alone cannot be sustained.    As the action was to recover for a wrong against her person under Section 30, Or. L., the wife and not the husband was the real party in interest  and he was neither a necessary nor proper plaintiff.   While it is true that the complaint was not subject to demurrer for a defect of parties plaintiff because there were too many plaintiffs instead of too few, the court during the trial on motion could have dismissed the action as to him and have let it proceed as to her.   If the court had refused to grant the motion an exception could have been taken to the ruling, and if it appeared that the defendant had been deprived of a substantial right by reason of such ruling, the error could have been corrected upon appeal.   No such motion was made and it does not appear that the matter was ever brought to the attention of the court below.   This court has no power to review upon appeal matters of mere practice to which the attention of the lower court was not directed and upon which no ruling was made or exception taken.

14. Objection is made to a question asked by plaintiff's counsel on cross-examination of one of defendant's witnesses as to what information a dentist should give his patient about her condition if she were going to a place where she would not have access to another doctor.   The question asked was cross-examination as to matters brought out by the defendant on direct examination.   The whole matter was not within any issue raised by the pleadings as there is no allegation of any failure or neglect of defendant to inform the plaintiff of her condition, or of any treatment she might require for her protection.

A ruling made upon a question asked on cross-examination as to a matter which is immaterial because

it is not within the issues ought not to be available as grounds for an exception to one who, in the first instance on his direct examination, offered testimony upon such immaterial matter if the question asked on cross-examination was one which would have been proper, had the matter been material.

15. We have examined all of the other assignments and find there was no error except in ruling upon the admissiblity of the testimony of Dr. Whitney above quoted. Plaintiff's cause of action was based entirely upon the alleged negligence and lack of skill of the defendant in extracting the tooth and plaintiff's right of recovery depended solely upon the answer which the jury should make to the question as to whether the operation was skillfully or unskillfully performed. If the jury believed the testimony of this witness and had confidence in his judgment, nothing remained for it to do except to determine what the amount of the damages should be. Permitting these questions to be propounded to Dr. Whitney and the answers to be given by him, was clearly an invasion of the province of the jury. By an unbroken line of authorities in this state, the admission of this class of testimony, over objection and exception, is reversible error. The latest expression of this court upon this subject is to be found in *Lehman* v. *Knott,* 100 Or. 59 (196 Pac. 476, 480), where in a similar case this doctrine was adhered to. In the cases there cited and in many other cases which might be cited in support of the rule, this court has uniformly held that this class of testimony is not admissible. This testimony was particularly damaging to the defendant because of the fact that Dr. Whitney was present and saw the operation performed and was testifying to a fact which had come under his own personal observation.

His testimony was bound to have greater weight with the jury than if he had been expressing an opinion in answer to a hypothetical question. For this reason alone, the judgment is reversed and the cause remanded for such further proceedings in the court below as are not inconsistent herewith.

REVERSED AND REMANDED.

---

Motion to dismiss overruled conditionally April 19, argued at Pendleton October 31, reversed and remanded December 13, 1921.