Submitted on briefs March 26, affirmed April 22, 1924.

# J. H. HARPER *v.* OREGON ELECTRIC RAILWAY CO.

(224 Pac. 1096.)

**Railroads—Evidence Plaintiff was Only Person About Spur-track Held Admissible.**

1. In an action by one employed by a county as night watchman and to fire a boiler connected with an asphalt tank-car on a spur-track, against an electric railway company for injuries from being run down by defendant's cars, which were being returned to the spur-track, it was not error to admit defendant's proof that plaintiff was the only person in or about the premises at the time, since the jury is entitled to all the evidence which will place it in a situation to intelligently determine issuable facts.

**Railroads—Public Use of Place of Accident Matter Properly Considered.**

2. In determining whether defendant was negligent in operating its cars at the place and time of the accident, whether the place was frequented by the public generally was a matter which the jury could consider.

**Trial—Instruction Taking Questions of Negligence and Contributory Negligence from Jury Properly Refused.**

3. In an action by one employed at a county's paving plant, in connection with which there was a spur-track of an electric rail-

road, for injuries sustained on the spur-track, instructions that if plaintiff was where he had a right to be the law did not require him to stop, look and listen, and he had a right to rely on some warning being given of the train's approach, and that it would be negligence for defendant to back its cars without a light or signal, etc., *held* properly refused, as the question of what acts would constitute negligence and whether plaintiff was guilty of contributory negligence were for the jury.

From Marion: PERCY R. KELLY, Judge.

In Banc.

This is an action at law for personal injuries received by the plaintiff when struck by a car being operated by the employees of the defendant. The accident occurred on a spur-track of the defendant extending from its track on Front Street through blocks 25 and 26 to the foot of Shipping Street in the City of Salem. The spur is known as the Oregon Gravel Company spur. Adjoining the land and plant of the Oregon Gravel Company is a paving plant owned and operated by Marion County. The spur was built at the request of the Oregon Gravel Company, for its accommodation and the accommodation of the paving plant. The defendant was a night watchman at the paving plant. The county was using asphalt in its paving operations. The asphalt was delivered to the county by the defendant in tank-cars. It was necessary to heat the asphalt in order to reduce it to liquid and the heating was done by means of steam. Steam-pipes are installed in the tanks and are connected by suitable hose or pipes with the boiler at the paving plant. The accident occurred about 2 o'clock in the morning of July 1, 1922. The plaintiff at that time had been employed by the county as a night watchman at the paving plant for 30 days. During this time practically every night, except Sunday night, the defendant company

did switching from its main line to the spur-track and from the spur-track to its main line. On the night the accident occurred the employees of the defendant company were required to move from the northern end of the spur-track four empty cars which they were to take to Portland. The duties of the night watchman were to keep the fires burning under the boiler in order to provide the steam necessary to melt the asphalt which required about 12 hours. Owing to the limited space the wood used for fuel under the boiler was piled across the track and directly opposite the boiler. The night watchman was required to carry the wood from where it was piled across the track, not only for the purpose of keeping the fires going during the night, but also to provide about half of the supply for the following day. He was engaged in throwing wood across the track when he received the injury complained of.

A few minutes before he received the injury the electric engine, used by the defendant company in moving its freight-cars, moved from the Front Street track along the spur within 10 feet of the asphalt tank-car, which was then connected with the steampipes of the boiler. One of the trainmen informed the plaintiff that the tank-car would have to be moved in order to get the four empty cars which were north of the tank-car. The plaintiff then secured a wrench and one or two of the trainmen assisted him in disconnecting the connection between the pipe from the boiler and the pipes in the asphalt tank-car. The engine then connected with the tank-car and took it and the other cars attached thereto, including the four empty cars wanted, and returned to the Front Street line where the four empty cars were placed upon the latter track; and the engine then returned

with the tank-car and the other cars attached thereto, excepting the four empty cars, down the spur when the accident occurred. The plaintiff charged negligence to the defendant company, alleging that the defendant failed to give warnings, either by a proper light on the front end of the car as it moved north on the spur-track or by sounding a whistle or ringing a bell. The errors relied upon will be stated in the opinion.                          AFFIRMED.

For appellant there was a brief over the name of *Mr. W. C. Winslow.*

For respondent there was a brief over the names of *Mr. John H. McNary* and *Messrs. Carey & Kerr.*

COSHOW, J.—The plaintiff complains of the court's ruling denying his motion to strike out certain parts of the affirmative answer of the defendant. We have carefully examined the motion and the parts moved against so far as we can by the indefinite description of those parts in the record. It may be helpful to remind the litigants that in actions at law the pleadings in their original form are not brought to this court. The parts moved against are described by the number of the page and the line giving only the first and last word of the parts moved against respectively. The printed pleadings do not correspond in pages and lines with the original typewritten pleadings. While we believe we have identified the matter moved against, there is an element of guess. A critical examination, however, of the defendant's answer in the order suggested in plaintiff's brief, has convinced us that the court did not err in denying the motion.

1, 2. It was not error to permit the defendant to show that the plaintiff was the only person in or about the premises at the time the accident occurred. The evidence sought by the question objected to may not have been very material, but it was not reversible error to allow the question to be answered. The jury is entitled to all of the evidence which will place it in a situation to determine intelligently the facts at issue. Whether or not the place where the accident occurred was frequented by the public generally is a matter that the jury had a right to consider in determining the real matter presented by the plaintiff's cause of action, namely, whether or not the defendant was negligent in operating its train at the place and time.

3. The appellant requested the following instruction:

### 1.

"You are instructed that if you find from the testimony by a preponderance thereof, within the light of these instructions, that the plaintiff at the time of the accident was in the performance of his duties, where he had a right to be, or where he was required to be, then you are instructed that the law did not require him to stop, look and listen before he crossed or went upon the railroad track, but under such circumstances he would have a right to give his attention to his work and would have a right to rely upon defendant giving him some warning of the approach of its train, and while he must always look out for his own safety, yet, under such circumstances as I have indicated herein, if you find that they are established by the evidence, the decree of care required of plaintiff would be measured by what an ordinarily prudent man would do under the same circumstances, consistent with the performance of his employment."

The court in his instructions to the jury covered the matter thoroughly. The instruction requested goes too far. It undertakes to define just the proper acts which would not be required of the plaintiff. The question of contributory negligence was involved in the case. The plaintiff testified that he had special notice that the engine was there for the purpose of removing four empty cars at the extreme north-end of the train of cars then standing on the spur-track. The brakeman on the train assisted him in disconnecting the steam-pipes of the asphalt tank-car from the steam-pipes of the boiler. The plaintiff also testified that it usually required about 15 minutes for the trainmen to complete the operation of removing the cars from the spur-track on to the main Front Street track and then replace the cars that were to remain on the spur-track. The witnesses for the defendant testified that the operation required only about 10 minutes. During the time the engine was moving with the different cars, either on the spur-track or on the main track, the plaintiff testified that he saw them operating, as he thought, on the Front Street track. Now, under this testimony, it was for the jury to determine just what acts would constitute negligence on the part of the defendant as well as on the part of the plaintiff, and for that reason the court did not err in giving the instruction requested by the plaintiff and hereinbefore set out.

The plaintiff also requested the two following instructions:

2.

"If at time of the accident plaintiff was where he was required to be, and if the defendant's employees knew that he would be, or would likely to be upon

said track, it would be negligence for the defendant to back its cars up to and over said place without a light or some signal to properly notify plaintiff of the approach of its train.

3.

"You are instructed that if, at the time of the accident, plaintiff was where he was required to be, he had a right to rely upon defendant giving him some warning or notice by a bell, light or some system of signal that its train was approaching, and he had a right to give his attention to his work relying upon this warning being given to him of the approach of defendant's trains.

The court did not err in refusing to give instructions numbered 2 and 3 requested by the plaintiff. It is not necessary to repeat our reasons for sustaining the refusal of the lower court to give instructions 2 and 3.. They virtually required the court to state as a matter of law, notwithstanding the fact that the plaintiff had been given specific notice of the intention to switch the cars from the spur-track and then back again to the spur-track, and notwithstanding this operation would consume only 10 or 15 minutes, that some other and further notice should be given to the plaintiff. In the light of these circumstances and facts, it was for the jury to determine whether or not such notice and warnings, as were given, were sufficient. It was also for the jury to determine whether or not, under all the circumstances, the plaintiff was guilty of such negligence as directly contributed to the accident and would preclude him from recovery.

The judgment of the Circuit Court is affirmed.

AFFIRMED.