Argued February 9; reversed March 1, 1938

WOOD *v.* MILLER ET AL.

(76 P. (2d) 963)

Department 1.

*William M. McAllister,* of Medford (Roberts & McAllister, of Medford, on the brief), for appellant.

*Allison Moulton,* of Medford, for respondent.

BEAN, C. J. At the conclusion of all the testimony the defendant Louise Bates moved the court for a directed verdict in her favor on the ground that she was not personally liable for the result of her negligence, if any, in the operation of an electric machine or the administration of the treatment to plaintiff. The defendant Harvey E. Miller filed a similar motion, and the court thereupon instructed the jury that the defendant Harvey E. Miller was liable for the negligence on the part of defendant Louise Bates in the operation of said electrical machine or in the administration of the said electrical treatment to the plaintiff, but that said defendant Louise Bates was not herself personally liable for any damage resulting from her negligence and instructed the jury to return a verdict in favor of defendant Louise Bates, to which instruction plaintiff duly excepted. The action was dismissed as to defendant Louise Bates, from which judgment the plaintiff appeals.

It is shown by the bill of exceptions that the plaintiff, at the time of the trial, was a widow about 71 years of age, residing in Medford, Oregon, and that on September 17, 1936, she was suffering from a painful swelling in the muscles of the right side of her neck

and went to the office of Dr. Harvey E. Miller in Medford to consult said defendant, who is a duly licensed and practicing naturopath physician and by whom the defendant Louise Bates had been employed for a period of about one and one-half years as an assistant or nurse.

The testimony on behalf of plaintiff tended to show that upon her arrival at the office the doctor examined her and the condition of which she complained and prescribed an electrical treatment and advised her that the treatment would be administered by his employee, Mrs. Bates; that Dr. Miller thereupon left the office and did not return thereto and was not seen again by the plaintiff on that day; that the plaintiff was taken by Mrs. Bates into a small room within the doctor's offices, in which there was an electrical diathermy machine and was caused to lie on a table and bare her abdomen, whereupon Mrs. Bates placed water upon plaintiff's abdomen, applied thereto one electrode of the diathermy machine and advised plaintiff that the other electrode was under her shoulders or back; that Mrs. Bates then turned on the electric current, placing the diathermy machine in operation, and within a few minutes after the application of said current the plaintiff felt an uncomfortable burning sensation and advised Mrs. Bates that she was being burned by the treatment; that the defendant Bates advised her that the treatment had to produce considerable heat in order to accomplish any good and took no action to relieve the pain or burning sensation being suffered by the plaintiff; that the defendant Bates thereupon left the room, but in a few minutes the pain and burning sensation with which she was suffering became worse and she called for the defendant Bates, and defendant Bates returned to the booth or room in which plaintiff was

lying; that upon the return of defendant Bates the plaintiff again complained that she was being burned and that the treatment was resulting in intense heat and the burning sensation on and in her abdomen and the defendant Bates thereupon pretended to turn down the current, but instead of reducing the current turned the switch down and then immediately turned it back up to its former position; that the defendant Bates again left the booth or room and in few minutes longer the pain became so intense that plaintiff was unable to endure it longer and cried out for defendant Bates and when she returned the plaintiff demanded and insisted that the treatment be discontinued and the current turned completely off, and the defendant Bates finally discontinued the treatment and removed the electrode from plaintiff's abdomen; that when the treatment was discontinued plaintiff noticed that the skin in the region of her abdomen was bright red and at that time plaintiff was suffering and continued to suffer with an intense burning pain all through the region of her abdomen; that plaintiff dressed with the assistance of defendant Bates and left the office; that the diathermy treatment caused a superficial burning and blistering of the skin over a considerable portion of plaintiff's abdomen and a deep third degree burn about three inches in diameter in and around the umbilicus; that as a result of the severe burning plaintiff sustained she was confined to her bed for a period of approximately two weeks and was unable to do her work about the house for a period of over two months, and was under the care of a physician from the date she received said burns until December 14, 1936.

As shown by the bill of exceptions, in the course of defendants' case, witnesses, including the defend-

ant Bates, offered testimony tending to prove, among other things, the following facts: That in the course of defendant Bates' duties for a year and one-half it was customary for her to assist in giving electrical treatments of the kind administered to the plaintiff, and that said defendant had received certain instructions in the use and operation of said machine from Dr. Miller, and, after reciting the plaintiff's application to Dr. Miller for examination and treatment and describing the treatment as indicated, we read further in the bill of exceptions: ''That after soap and water had been applied to the plaintiff's abdomen the electrode was placed on the abdomen by Dr. Miller, who then turned on the current. That the plaintiff was instructed to advise Mrs. Bates promptly if she suffered any discomfort and the doctor left the plaintiff and Mrs. Bates and went into another part of his offices * * *;'' that Mrs. Bates remained constantly by the side of plaintiff and inquired of plaintiff occasionally whether the treatment was causing her any discomfort or pain or was too hot; that at one time plaintiff stated that the electrode was becoming a little bit warm and Mrs. Bates thereupon turned down the volume of the electric current about one-half; that said treatment was applied for about forty minutes and during the course of the treatment Dr. Miller returned on one occasion to ascertain whether the treatment was progressing satisfactorily; that plaintiff made no other complaint and upon the completion of the treatment stated that she felt better; that upon the completion of the treatment there was no redness of the abdomen or any evidence of burning, and that the plaintiff left the office without any complaint; about four days later the plaintiff returned and advised defendants that she had been burned.

Further testimony was offered by the plaintiff and defendants concerning the extent of the injury sustained by plaintiff and the pain and suffering and disability resulting therefrom. The bill of exceptions was duly certified by the judge.

It is contended by the defendant Louise Bates that the complaint does not state facts sufficient to constitute a cause of action against her, for the main reason that in the allegation: "defendants were careless and negligent in failing to properly handle said electrical apparatus", it wholly fails to state wherein they failed; and, in the further allegation: "in failing to prevent the plaintiff from being burned", it does not attempt to point out wherein the burning of plaintiff with this apparatus was improper or not in accordance with good practices; again, "in failing to properly administer said treatment", it does not plead wherein the treatment was improper, within the well-known rule in malpractice, and further, "in failing to treat the plaintiff without burning her; in burning the plaintiff", it does not set up that the burning occurred by reason of the fact of the incompetence, or the failure to follow proper practices, of the defendant Miller.

■ It will be noticed that the complaint charges that defendants administered the electrical treatment to plaintiff in a careless and negligent manner, and, as a direct result of this carelessness and negligence, the plaintiff sustained the injuries of which she complained. It is a well-settled rule that, where a complaint contains general allegations of negligence and carelessness, it is not essential that the details be set forth in the complaint. This is an action for malpractice and the cause of action alleged in the complaint is tort.

In *Patterson v. Howe*, 102 Or. 275 (202 P. 225), the cause of action alleged in the complaint was that the defendant, who was a dentist and was employed to extract plaintiff's tooth and who undertook the work, performed it in a negligent and unskillful manner, resulting in an injury to plaintiff. The wrong complained of is his alleged failure to exercise the care and skill which the law required him to exercise on account of his having undertaken to perform the work, and this wrong, in conjunction with the damages sustained, constituted a tort. It was held that all the elements essential to a cause of action in tort were alleged in the complaint.

In *Hills v. Shaw*, 69 Or. 460 (137 P. 229), the late Mr. Justice BURNETT discussed the question of general allegation of negligence without specifying the particular acts of negligence, and quoted from *Kennedy v. Hawkins,* 54 Or. 164, 168 (102 P. 733, 25 L. R. A. (N. S.) 606), as follows:

"It is always necessary in pleading negligence to allege that some act was negligently done, or that something that ought to have been done was omitted, but it is not necessary to set forth the particular facts that show the act or omission to have been negligent. * * * This, however, does not relieve the plaintiff from proving a particular act of negligence upon which she bases her right to recover, * * *."

In *Hills v. Shaw*, supra, a motion to make more definite and certain was denied, where the negligence imputed to the defendant was in general terms. See also *Patterson v. Howe*, supra.

In *Wemett v. Mount,* 134 Or. 305, at 318 (292 P. 93), an action wherein the plaintiff had been burned during the course of electrical diathermy treatments by a lay employee of the defendant physicians, we said:

"This act is one of tort and all the defendants who participated or are responsible for the act are liable severally."

The complaint in the present case is sufficient. As shown from the statement taken from the bill of exceptions, the testimony tended to show that Louise Bates, the servant and agent of Dr. Harvey E. Miller, was negligent in the application of the diathermy machine to the plaintiff.

■ The lower court practically found that the defendant Louise Bates was negligent and that she was not liable for her negligence but the doctor was. Mrs. Bates, the servant and agent, is not relieved from liability for her negligence, because she was acting under the direction of her master, Dr. Harvey E. Miller: 18 R. C. L. 817, 820, §§ 270, 274; 39 C. J. 1311, § 1512.

We read in 2 Restatement of the Law of Agency, 753, § 343, as follows:

"An agent who does an act otherwise a tort is not relieved from liability by the fact that he acted at the command of the principal or on account of the principal, except where he is exercising a privilege of the principal, or a privilege held by him for the protection of the principal's interests."

In 20 A. L. R. 99, in the annotation to *Emery & Co. v. American Refrigerator Transit Co.*, 193 Iowa 93 (184 N. W. 750), we read: "An agent who violates a duty which he owes to a third person is answerable to such person for the consequences, whether it be an act of malfeasance, misfeasance, or nonfeasance."

In 99 A. L. R. 409, in the annotation to *Knight v. Atlantic Coast Line R. Co.*, 73 F. (2d) 76, supplementing the annotation in 20 A. L. R. 99, we read:

"The courts are agreed that an agent is liable to a third person for damages resulting from the violation

of a duty which such agent owes to the third person, and that it matters not whether that violation be one of malfeasance, misfeasance, or nonfeasance.''

In 2 American Jurisprudence, 256, § 326, we find:

''An agent who does an act otherwise a tort is not relieved from liability by the fact that he acted at the command of the principal or on account of the principal, except where he is exercising a privilege of the principal, or a privilege held by him for the protection of the principal's interests. This is for the reason that the tort liability of the agent is not based upon the contractual relationship existing between the principal and agent, but upon the common-law obligation that every person must so act or use that which he controls as not to injure another.''

In certain instances a nurse or office assistant of a physician might innocently injure a patient without knowledge that her conduct would result in such injury. In the present case, however, the testimony tended to show that the defendant Bates was fully aware of the result following the application of excessive current of the diathermy machine or the failure to reduce the current or discontinue the treatment, and upon complaint of plaintiff, as a matter of general knowledge, it would seem that she would be aware that the patient should not be burned.

■■ A person who operates the X-ray or similar electrical appliances used in healing is required to use that degree of care, diligence and skill ordinarily possessed by similar operators in similar localities. The rules governing the duty and liability of physicians and surgeons in the performance of professional services are applicable to practitioners of the kindred branches of the healing art, such as dentists, oculists and manipulators of X-ray machines, and other like machines: 21

R. C. L. 386, § 31; 48 C. J. 1121, § 110; *Doumitt v. Diemer,* 144 Or. 36 (23 P. (2d) 918) ; *Wemett v. Mount,* supra; *Holt v. Ten Broeck,* 134 Minn. 458 (159 N. W. 1073, Ann. Cas. 1918E, 256) ; § 68-2118, Oregon Code 1930.

■ We think there was error in not submitting the case as to the defendant Louise Bates to the jury.

The judgment of the trial court in this respect will therefore be reversed and the cause remanded to the trial court for such further proceedings as may be necessary not inconsistent herewith.

ROSSMAN, KELLY and BELT, JJ., concur.