[Civ. No. 9364.   Third Dist.   Dec. 29, 1958.]

EDWIN A. MURRAY et al., Appellants, v. JAMES E. WRIGHT et al., Respondents.

Glassman & Rose and Melvin M. Belli for Appellants.

Peters & Peters for Respondents.

PEEK, Acting P. J.—This is an appeal from a judgment of dismissal entered following the sustaining of defendants' general demurrer without leave to amend in a personal injury action.

A summary of the facts disclosed by plaintiffs' complaint shows that one Brown entered a used car lot owned and operated by defendants Wright and Heape and took a car belonging to defendants. The taking was made easy by the fact that defendants had purposely left the ignition keys in the locks of all cars on the lot. Shortly after the taking Brown collided with plaintiffs.

Specifically the complaint sets forth four causes of action. The first is based on the alleged negligence of defendants in maintaining the lot so that persons were able to take automobiles therefrom. The second is based upon Brown's alleged operation of the car with the implied consent of the defendants as defined in section 402 of the Vehicle Code. The third

is based upon defendants' alleged maintenance of a nuisance in so leaving cars on the lot. And the fourth is based upon defendants' alleged wanton and reckless disregard of the safety of others in so maintaining the used car lot. Counsel for plaintiffs did not appear on the date set for hearing on defendants' demurrer nor at the continued hearing, and the same was sustained as to all causes of action without leave to amend. This appeal followed.

At the outset the general rule must be borne in mind that unless it is palpably clear that a pleading is not susceptible of amendment so as to state a cause of action, a demurrer thereto should not be sustained without leave to amend. (*Kadota Fig Assn.* v. *Case-Swayne Co.*, 73 Cal.App. 2d 796, 803-804 [167 P.2d 518].)

The first cause, after alleging the ownership and operation by defendants of the lot and the cars located thereon, then alleged that the vehicles were left unlocked by defendants in order ". . . to encourage the general public to examine, inspect and operate those certain vehicles on said used car lot, without regard for the fitness or competence of said general public so to do, and [defendants] knew or should have known that it was common knowledge among the general public in that locale that the keys were at all times left in the ignitions of said unlocked vehicles"; that on the date in question the defendants so negligently and carelessly maintained the lot and the vehicles thereon as to cause the premises to be ". . . unenclosed, unguarded, unprotected and unsupervised . . ."; and that by reason of the alleged carelessness and negligence of the defendants, Brown was induced to take a Buick automobile from the lot. Even if it may be said that such allegations were insufficient in that it does not appear therein that Brown was incompetent to operate a motor vehicle it is alleged in both the third and fourth causes of action that at the time of the taking he was in an intoxicated condition. Obviously, if such had been necessary, under the first cause this fact could easily have been added by amendment.

The second cause of action alleged the operation of the car with the knowledge and consent of the defendant as provided in section 402 of the Vehicle Code; that by reason of such negligent operation, it struck the vehicle in which plaintiffs were riding, and as a proximate result thereof they sustained the damages set forth in the complaint. Although such cause of action incorporated substantially all of the first cause of action, it did not incorporate that portion wherein it was

alleged that the defendants were the owners of the car in question. Again, if this was insufficient under the circumstances, a simple amendment would have cured such defect.

In concluding as we do, we are not unmindful of the decisions in *Richards* v. *Stanley*, 43 Cal.2d 60 [271 P.2d 23], and *Richardson* v. *Ham*, 44 Cal.2d 772 [285 P.2d 269], which cases are primarily relied upon by defendants in support of the trial court's order. In the Richards case a divided court held that an owner who had left her car parked on a public street unattended and unlocked, with the ignition key in the car, could not be held to be negligent under the facts in that particular case. The court noted, however, that the owner, under other facts, could be held to be negligent and specifically referred to leaving a car near a school where one might reasonably expect irresponsible children to tamper with it (see Rest., Torts, § 302, item 7) ; or leaving a car with an intoxicated passenger therein. The Richardson case, which was filed shortly thereafter, showed that a bulldozer was left with its mechanism unlocked; that youths started the vehicle, and in the operation thereof caused serious damage to plaintiffs. There the court distinguished the Richards case and held: "The extreme danger created by a bulldozer in uncontrolled motion and the foreseeable risk of intermeddling fully justify imposing a duty on the owner to exercise reasonable care to protect third parties from injuries arising from its operation by intermeddlers."

It is quite apparent that the instant case presents a factual situation far more serious than the parking of a single car on a city street as in the Richards case. Here it is alleged that defendants purposely left the keys in the ignitions of all vehicles parked on their lot which was at all times open and unattended, in order to encourage the general public to enter the lot, examine and operate the vehicles, and that they did so "without regard for the fitness or competence of said general public so to do." It is further alleged that this practice was a matter of common knowledge of the public in the vicinity of the lot, and of course the pertinent details regarding the area where the lot was located was something which could be developed further by plaintiffs at the time of trial.

We must conclude as did the trial court in regard to the third and fourth causes of action. Both of said causes of action are wholly insufficient to charge defendants with the maintenance of a nuisance as defined by section 3479 of the Civil Code, or to charge defendants with reckless and wanton

misconduct. Nor does it appear that either of said causes could be so amended as to state a cause of action against the defendants.

As to the first and second causes of action, the judgment is reversed with directions to the trial court to overrule the demurrer, allowing plaintiffs reasonable time in which to amend if they so desire. The judgment as to the third and fourth causes of action is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.