Argued November 6, 1964, reargued April 5, reversed and
remanded September 22, 1965

# MEZYK *v.* NATIONAL REPOSSESSIONS, INC.

405 P. 2d 840

*Bernard Jolles,* Portland, argued the cause for appellants. With him on the brief were Franklin, Olsen, Bennett & Des Brisay, Portland.

*David C. Landis,* Portland, argued the cause for respondent. With him on the brief were Maguire, Shields, Morrison, Bailey & Kester and Howard K. Beebe, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, *O'Connell, Goodwin, Denecke and Holman, Justices.

* O'Connell, J., did not participate in this decision.

DENECKE, J.

Recovery for personal injuries is sought against defendant because it left the keys in the ignition of its car, the car was stolen and the thief recklessly drove into plaintiff.[1] Defendant's demurrer was sustained. Plaintiff alleged:

> "On or about March 5, 1963, the defendant acting through its agents and employees negligently parked a certain motor vehicle unattended on its used car lot without locking the vehicle or removing the ignition key therefrom. While said car was so parked, a person named Larry W. Stebbins, without authority, consent or right to do so drove off in said vehicle and while driving from said car lot on N.E. Weidler near its intersection with N.E. 11th at a high and unreasonable rate of speed, collided with a certain vehicle being driven in a northerly direction on said N.E. 11th Avenue in which the plaintiff was a passenger, resulting in personal injuries to the plaintiff as hereinafter more particularly set forth."

There are many decisions from other jurisdictions on this general question. 51 ALR2d 633 (1957), 91 ALR2d 1326 (1963). These decisions vary in their results, partially depending upon the particular facts and the presence or absence of applicable statutes or ordinances, but also depending upon the philosophy of the particular court. There is no clear-cut majority; however, a plurality of the decisions holds for defendant.

The problem presented involves some of those issue which perplexed us in *Dewey v. A. F. Klaveness & Co.*, 233 Or 515, 379 P2d 560 (1963), and *Hills v. McGillvrey*, 240 Or 476, 402 P2d 722 (1965),—negligence

---

[1] There were three injuries and three actions. These were consolidated and involve the same issue.

and duty. The issues will be discussed in the nomenclature used in *Hills v. McGillvrey*, supra, i.e., negligence and duty.

■ The first question to answer is whether defendant owed plaintiff a duty to remove the keys from the ignition. A demurrer to plaintiff's complaint was sustained; therefore, whether or not defendant owed plaintiff a duty must be determined upon the allegations of the complaint and any facts which might conceivably be adduced as proof of such allegations.

Prosser states that duty is "an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection." Prosser, Law of Torts (3d ed), 333. Leon Green holds the same view and writes in detail about some of these considerations such as "the administrative factor," "the economic factor," etc. Green, Judge and Jury (1930), 76-77.

■ The issue in part is analogous to that in cases in which the defendant owner entrusts his car to a driver and the driver negligently injures a third person. The law in Oregon is that whether or not the entrusting owner is liable to the injured party depends upon whether or not the entrusting owner was negligent, i.e., knew or should have known that the driver to whom he entrusted his car was so incompetent as to be likely to drive negligently. *Guedon v. Rooney*, 160 Or 621, 635, 87 P2d 209, 120 ALR 1298 (1939). By so deciding we have in effect held that a car owner owes a duty to third persons injured by the negligence of the driver of the car, i.e., an owner may be liable to third persons injured by the owner's car. Whether or not the owner will be liable depends upon whether or not the owner was negligent. If the owner should not have known

that there was a likelihood of harm created by such entrustment, the owner is not negligent. If the owner should have known he created a likelihood of harm by entrusting his car to a driver, he is negligent.

■ Similarly, if an owner is negligent by creating a likelihood of harm by leaving his keys in the car, rather than by entrusing his car to a driver, we now hold that such an owner owes a duty to third persons injured by a negligent thief. This liability exists only if the owner *negligently* leaves the keys in his car.

The next issue, therefore, that must be resolved is, did the defendant in this case negligently leave the keys in its car? We repeat, this was decided upon a demurrer, therefore, we must decide it upon the basis of any facts that conceivably could be introduced under the allegations of negligence in the complaint.

The complaint alleges:

"* * * defendant negligently parked a certain motor vehicle unattended on its used car lot without locking the vehicle or removing the ignition key therefrom. * * *"

■ We have repeatedly held that if a party alleges that certain acts were done negligently, proof of any facts tending to show that the acts were negligent is admissible. *Kennedy v. Hawkins*, 54 Or 164, 168, 102 P 733, 25 LRA NS 606 (1909); *Sylvis v. Hays,* 138 Or 418, 422-425, 6 P2d 1098 (1932). For example, in *Harper v. Oregon Electric Ry. Co.,* 111 Or 71, 224 P 1096 (1924), the plaintiff was struck by the defendant's railroad train while on a spur track. The plaintiff alleged that the defendant was negligent in failing to warn the plaintiff of its movement. Evidence that the plaintiff was the only person about the premises and contrary evidence that the public frequented the area

was held admissible as proof that the defendant was or was not negligent in failing to warn.

■■ The defendant counters with the proposition that when a demurrer is sustained to a complaint and the pleader chooses not to amend, the pleading is construed most strongly against the pleader; it is presumed that the pleader has stated his case as strongly as the facts will permit. *Medford v. Pac. Nat'l Fire Ins. Co.,* 189 Or 617, 628, 219 P2d 142, 222 P2d 407, 16 ALR2d 1181 (1950). This is the rule when a complaint is ambiguous and susceptible of two constructions, one of which would not state a cause of action. A complaint which states that an act was done negligently is not ambiguous. It may be subject to a motion to make more definite and certain but when there is a duty to act with due care and the complaint alleges that an act was done negligently, the complaint, when tested by demurrer, states a cause of action. *Cederson v. Oregon R. & Nav. Co.,* 38 Or 343, 350-354, 62 P 637, 63 P 763 (1900); *Wood v. Miller,* 158 Or 444, 449-451, 76 P2d 963 (1938).

■ Whether or not the defendant was negligent depends upon whether or not the defendant's conduct in leaving the keys in the car created a likelihood of harm to the plaintiff. This question in turn can be subdivided: (1) Should the defendant have foreseen that someone might very well steal his car because he left the keys in it; and (2) Should he have foreseen that the thief would drive negligently? Defendant in its brief appears to acknowledge that under certain circumstances a car owner may be held to foresee both of these events. It stated in its brief:

"* * * [I]t would be unreasonable to impose a duty to third persons upon an owner who leaves his

keys in the car, absent circumstances which should put him on his guard to foresee that the car will be both stolen and negligently driven. * * *"

■ Under the allegations of the complaint, the plaintiff is entitled to offer any admissible evidence relevant to these two issues. We hold that it is reasonably conceivable that the plaintiff could introduce evidence which would enable the trier of the facts to find that the defendant should have foreseen both of these contingencies. The plaintiff might, for example, introduce evidence that because of the neighborhood, the type of clientele attracted into the used car lot and other such circumstances, the defendant could expect that his car would be stolen if the keys were left in the ignition. The plaintiff may also be able to introduce evidence that the persons who would be apt to steal the car if the keys were left in the ignition were of a class likely to be negligent in driving away,—intoxicated persons, persons too young to be able to drive carefully, etc.

Two California decisions are examples of allegations or proof which was held to enable a jury to find that the defendants who left the keys in their cars created a likelihood of harm. Neither holding is necessarily endorsed as correct upon the facts but each is referred to only as illustrative.

In *Murray v. Wright*, 166 Cal App2d 589, 333 P2d 111 (1958), it was alleged that the defendant used car dealer left keys in all the cars on his lot and the public could operate these cars. It was further alleged that this fact was known to the public and that the lot was kept unprotected and unsupervised. The complaint also alleged that the thief was intoxicated but there was no allegation that the defendant should have

known this; however, this omission was not mentioned in the opinion. The trial court's order sustaining the demurrer without leave to amend was reversed.

In *Hergenrether v. East*, 61 Cal2d 440, 39 Cal Rptr 4, 393 P2d 164 (1964), plaintiff obtained a verdict which was set aside by the trial court. The evidence was that the defendant parked his two-ton truck on a street in the town's "skid row." The keys were left in the ignition, personal property, including a portable radio, was left in the unlocked cab and roofing equipment, a barrel of gasoline and guns were left in the bed of the truck. The truck was stolen sometime during the night. The thief weaved down the street with the truck and hit the plaintiff. The evidence was that in the neighborhood in which the truck was parked derelicts, drunks and thieves milled around the street all night. The court held that under the circumstances negligence was a jury question.

We are not holding that in every instance a defendant who leaves his keys in the car is liable to a third person injured by a negligent thief of such car. We are holding that the plaintiff should have the opportunity under the allegations of her complaint to proceed to trial and introduce evidence, if she can, of circumstances which may permit the jury to find that the defendant should have known by leaving its keys in its car that there was a reasonable likelihood that a careless thief would steal its car and then would negligently drive away.

Reversed and remanded.

McALLISTER, C. J., specially concurring.

Plaintiff's complaint alleges that defendant negligently parked a car on its used car lot without remov-

ing the key, and that such negligence was the proximate cause of plaintiff's injuries. Since there may be circumstances under which it is negligent to park a car on a used car lot without removing the key, I agree that the complaint is not vulnerable to demurrer. I concur in the result of the majority opinion.