Submitted on petitioner's petition for reconsideration filed March 16, reconsideration allowed and former decision (89 Or App 569, 749 P2d 1237) adhered to June 15, petition for review denied August 30, 1988 (306 Or 527)

DIAMOND et ux,
*Plaintiffs,*

*v.*

CREATIVE INSTITUTE OF DANCE, INC., et al,
*Defendants.*

ZUNIGA,
*Third-Party Plaintiff,*

*v.*

FOSTER et al,
*Third-Party Defendants.*

FERRARA,
*Appellant,*

*v.*

FOSTER et al,
*Respondents.*

(16-85-00173; CA A43161)

756 P2d 45

Steve C. Baldwin and Harrang, Long, Watkinson & Arnold, P.C., Eugene, for petition.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Third-party plaintiff Ferrara seeks Supreme Court review of our decision, 89 Or App 569, 749 P2d 1237 (1988), in which we affirmed without opinion the trial court's order granting third-party defendant Nicola Foster's motion for a new trial.[1] We treat the petition as one for reconsideration, ORAP 10.10, allow reconsideration and adhere to our decision.

The issue presented in this case is whether the allegations of Foster's counterclaim, including an attached employment contract which, on its face, appears to be between Foster and Ferrara's corporation, support the introduction of evidence to prove Ferrara's individual liability on the theory that he was the *alter ego* of Creative Institute of Dance, Inc. Insofar as relevant, the claim reads:

> "Ferrara is indebted to * * * Foster in the amount of $9,600.00 for unpaid salary, expenses, education and vacation compensation under the terms of the Employment Agreement between the parties, a copy of which is attached hereto and made a part hereof."

In Ferrara's reply, he asserted that the counterclaim failed to state ultimate facts sufficient to constitute a claim. He did not challenge the sufficiency of the complaint with a pretrial ORCP 21(A)(8) motion to dismiss or an ORCP 21D motion to make more definite and certain. Instead, he objected at trial on the grounds of relevancy when plaintiff tried to introduce evidence to support an *alter ego* theory of recovery.

The trial court sustained the objection, the parties then rested, and the court granted judgment for Ferrara. Foster filed a motion for reconsideration. Treating the motion as one for a new trial, the trial court concluded that it had erred in sustaining Ferrara's objection and ordered a new trial.

Ferrara contends that Foster's *alter ego* evidence was beyond the scope of the pleadings and that, therefore, the trial court properly sustained his objection.[2] In addition, he argues

---

[1] Only Foster moved for a new trial. Judgment was entered on the claims of the other parties in this case, and they are not involved in this appeal.

[2] Ferrara also argues that the trial court erred in its order granting a new trial by not specifically explaining why the evidentiary ruling was erroneous. We do not address that issue, because he makes the argument for the first time in his petition for review.

that the evidence is not relevant because the complaint, by failing to allege all the requirements for piercing the corporate veil as stated in *Amfac Foods v. Int'l Systems,* 294 Or 94, 108, 654 P2d 1092 (1982),[3] does not state a claim for relief on the *alter ego* theory.

Foster's claim as pleaded is broad enough to allow evidence that the contract, on its face, between Foster and Creative Institute of Dance was, in fact, between Foster and Ferrara. Foster's claim was expressly against Joseph J. Ferrara. It did not, in its text, allege that Creative Institute of Dance was liable. It is apparent from the pleading that Ferrara is personally indebted, coupled with the attached contract which shows on its face that it was executed between Foster and Ferrara's corporation, that Foster either had no claim at all against Ferrara or contemplated the use of some theory to recover from him personally. We agree with the trial court that, in the absence of an *alter ego* theory, the claim would have been "nonsense."

Although Ferrara might have been entitled to require Foster to make her claim more definite and certain, and perhaps even to comply with the requirements of *Amfac Foods v. International Systems, supra,* he is incorrect that the complaint failed to state a claim against Ferrara personally. Under the allegation that Ferrara was personally liable on the contract between Foster and the corporation, Foster was entitled to prove why that was so, including that Ferrara was the *alter ego* of the corporation. *See Mezyk v. National Repossessions,* 241 Or 333, 337, 405 P2d 840 (1965). The trial court properly concluded that it had erred in excluding evidence of that theory and did not err in granting the motion for a new trial.

Reconsideration allowed; former decision adhered to.

---

[3] In *Amfac Foods,* the court stated:

"When a plaintiff seeks to collect a corporate debt from a shareholder by virtue of the shareholder's control over the debtor corporation rather than on some other theory, the plaintiff must allege and prove not only that the debtor corporation was under the actual control of the shareholder but also that the plaintiff's inability to collect from the corporation resulted from some form of improper conduct on the part of the shareholder."