Argued December 8, 1955, affirmed January 25, 1956

## BATY ET AL *v.* MACKEN ET UX
292 P. 2d 489

*Brazier C. Small,* of Salem, argued the cause for appellants. With him on the brief were Osterman & Williams, of Salem.

*R. W. Pickell,* of Salem, argued the cause and filed a brief for respondents.

Before WARNER, Chief Justice, and TOOZE, LUSK and BRAND, Justices.

TOOZE, J.

This action was brought by William H. Baty and Motors Insurance Corporation, as plaintiffs, against J. K. Macken and Dorothy Macken, as defendants, to recover for property damage to and loss of use of an automobile allegedly caused by the negligent operation of defendants' motor vehicle by the defendant Dorothy Macken. A verdict was returned in favor of plaintiffs in the sum of $632.92, and judgment was entered accordingly. Defendants' motion to set aside the verdict and judgment and for a new trial was allowed by the trial court. Plaintiffs appeal.

The accident occurred on state highway 222 (North Santiam Highway), a hard-surfaced public highway extending in an easterly and westerly direction between Mill City, Marion county, Oregon, and Sisters, Deschutes county, Oregon. The highway is approximately 20 feet wide, with gravel shoulders of varying width, and the center line is marked with a painted stripe. Since the road crosses the Cascade mountains, it is frequently covered with ice and snow during the late fall and winter months. Although on the day of the accident the pavement was mostly clear of ice and dry, yet at numerous places thereon there were icy spots of varying size.

About 6:30 p. m., November 27, 1952 (Thanksgiving Day), the defendant Dorothy Macken, with several members of her family, was driving defendants' station

wagon in a westerly direction along said highway, returning to her home in Perrydale, Oregon, from a family Thanksgiving celebration in Sisters. At a point about five miles east of Idanha, Marion county, Oregon, her car rounded a rather abrupt curve to the right and came upon a patch of ice on the surface of the road. She testified that she was traveling at a rate of speed of approximately 35 miles per hour. She was aware of the possible presence of ice on this stretch of the highway, as she had driven over the road that morning on her way to Sisters. For that reason, she says that she had reduced the speed of her car, but when the vehicle struck the icy patch, it skidded and went out of control. The car started to slide to the right and then it went to the left, across the left lane of traffic and into the bank on the left side of the highway, throwing Mrs. Macken and two of her passengers out on the bank. The vehicle then rolled down the bank, back across the highway to the right side, and came to rest at right angles to the center line, thereby blocking the right lane of traffic, and with its lights shining across the highway toward the bank where the passengers had been thrown. Mrs. Macken, concerned for the condition of those who were still in the car, crossed the road to where the car then was and started to open the left front door of the vehicle.

At this moment the car of plaintiff, William Baty, came around the curve, also traveling in a westerly direction, and when about 75 feet from the station wagon, Baty saw defendants' vehicle ahead and blocking the right side of the highway. Thereupon, Baty gently applied the brakes on his car, as he too was aware of the road's icy condition. Mrs. Macken saw the Baty car at the same moment and, fearing that she would be crushed between the two vehicles, ran

across the left lane of the highway to the opposite side thereof. Because of the icy condition of the pavement, plaintiff was unable to bring his vehicle to a stop and, although he did not attempt it, was prevented from swerving to the left because of the presence of Mrs. Macken in the left lane of traffic. He did not swerve to the right nor endeavor to ease his car into the bank on the right side. Baty's car collided with defendants' vehicle, striking it on the left rear wheel, with resulting damage to both automobiles.

For the purposes of this opinion, it is unnecessary to discuss the several acts of negligence charged against defendants in plaintiffs' complaint nor the acts of contributory negligence alleged against plaintiff Baty in defendants' answer. However, one paragraph of plaintiffs' complaint is material to our decision on this appeal. In paragraph III of the complaint, it is alleged:

"That at about the hour of 6:30 p. m. during the evening of November 27, 1952, plaintiff BATY was the owner of and was operating his 1949 Pontiac Four Door Sedan automobile in a general westerly direction over and upon said Highway No. 222 in Marion County, Oregon, and upon rounding a curve on said Highway, about five miles from Idanha, came upon defendants' Ford Station Wagon unattended, and blocking said highway, which said car had been operated immediately prior thereto by the defendants. *That due to the icy condition of said Highway, plaintiff BATY was unable to stop his said automobile and did strike defendants' said automobile, damaging plaintiffs' automobile as hereinafter set forth.*" (Italics ours.)

Upon direct examination, the plaintiff Baty testified:

"Q Now, I believe you stated you rounded a sharp curve, a right hand curve, and this car was

setting across the highway. About how close to this car were you when you first were able to see it?

"A Approximately 75 feet.

"Q And its lights were on?

"A Yes.

"Q But they were pointing across the canyon?

"A Pointing across the road.

"Q Now, I don't know whether there was some ice in spots on the highway. Will you, if you know, give the jury a better idea of the spots on the road? Was there lots of ice or just little spots of it? They have to base their verdict on what they find out from the witnesses.

"A *Right at this particular spot it was fairly icy.* In between places there was icy spots where the sun didn't hit it, and where the sun did hit the road there wasn't any ice, but in these cuts where the sun didn't hit there was some ice. I wouldn't say how much it was. You could walk around on it.

"Q You got out and walked on it?

"A Yes.

"Q Now, state whether or not you *were able to bring your car to a complete stop at the speed you were traveling* when you were apprised of the other car being there, when you saw it?

"A If the other car hadn't been there, you mean?

"Q No. Were you able to bring your car to a complete stop?

"A *No, not at that time right there; no, not a complete stop.*

"Q You did slow down as much as you could?

"A That is right. I didn't apply the brakes hard because it would lock the wheels." (Italics ours.)

On cross-examination, Baty further testified as follows:

"Q Thank you. You may return to the stand. What happened, Mr. Baty, when you applied your brakes?

"A Well, I could tell it was icy and I didn't want to put them on full force, as I stated before, because it would cause the car to slide and swerve to the left hand side of the road and into the bank, so in order to avoid any further damage I applied my brakes enough to where I could stop and to where I had to hit the station wagon, but I couldn't stop without hitting the station wagon.

"Q In other words, your brakes were on for 75 feet after you saw the Ford?

"A Yes.

"Q This is a bit of a hypothetical question but you may answer it. *Do you feel you could have stopped if there had been no ice there?*

"A *Yes, sir.*" (Italics ours.)

■ From the facts as stated, it is obvious that defendants' negligence, if any, had come to rest and was no longer active at the time plaintiff Baty drove his automobile around the curve in the highway immediately prior to the collision. It is clear that under the facts and circumstances of this case the presence of defendants' stopped vehicle on the highway was merely a condition attendant at the time and place in question, a condition confronting Baty as he rounded the curve. The allegations of plaintiffs' complaint quoted supra, together with the testimony of Baty above set out, show conclusively that had it not been for the icy condition of the pavement at that particular time and place, Baty could have safely stopped his car before it collided with that of defendants, and there would have been no accident. Therefore, defendants' ante-

cedent negligence, if any, could not possibly have been the proximate cause of the collision. Between defendants' alleged negligence and the accident occurred an independent intervening operation of a force of nature (ice upon the pavement), without which the collision would not have happened, and such intervening cause became and was the proximate cause of the injury. In such circumstances no liability attaches to defendants for plaintiffs' injuries. *Blair v. Rice et al.*, 195 Or 587, 595, 246 P2d 542; *Aune v. Oregon Trunk Railway*, 151 Or 622, 51 P2d 663; Restatement of the Law, Torts § 451.

Mrs. Macken was not negligent in attempting to cross the highway to the left side in an endeavor to escape being crushed between the two vehicles by the collision which was imminent. Moreover, this act on her part played no part in Baty's operation of his vehicle, for he made no attempt to pass the stalled car to the left nor to drive it otherwise than straight ahead. The icy condition of the road prevented him from doing anything other than what he did do.

██ Plaintiffs' complaint, on its face, showed that the collision was unavoidable. To say that an accident is unavoidable is but another way of saying that it was not due to negligence. "Unavoidable accident" is not an affirmative defense and need not be pleaded. *Valdin v. Holteen and Nordstrom*, 199 Or 134, 159, 260 P2d 504; *Denton v. Arnstein*, 197 Or 28, 47, 250 P2d 407, 416; *Frangos v. Edmunds*, 179 Or 577, 611, 173 P2d 596. Furthermore, there is no substantial evidence in this record that would support a finding that either defendants or the plaintiff Baty was guilty of any negligence that was a proximate cause of the accident.

The judgment is affirmed.

LUSK, J., specially concurring.

Mr. Justice BRAND and I concur solely on the ground that there is no substantial evidence in the record that the defendants were guilty of negligence as charged in the complaint. We do not agree with that part of the opinion which holds that, if it should be assumed that the defendants were guilty of negligence, the icy condition of the pavement was an intervening cause and therefore the proximate cause of the accident. Upon that assumption it would be our view that the question of proximate cause was for the jury.