Argued December 19, 1929; affirmed February 4, 1930

JOHNSON *v.* HOFFMAN ET AL.

(284 Pac. 567)

*John S. Coke* of Portland (Griffith, Peck & Coke, of Portland, on the brief) for appellant.

*John F. Reilly* and *Harry L. Raffety,* both of Portland (Wilson, Reilly & Isaacs and Raffety & Pickett, all of Portland, on the brief), for respondent.

HAMILTON, A. A. J. The evidence in this cause shows that the accident referred to in the complaint herein occurred on February 2, 1928. Defendant L. H. Hoffman was engaged in the construction of a building which covered an entire block in the city of Portland bounded by Salmon street on the north, Broadway on the east, Main on the south, and Park on the west. In this building are located the New Heathman Hotel and the Portland Theater. At the time of the accident there was being constructed over the sidewalk on Broadway near Main street, a canopy or marquee extending from Main street northerly on Broadway approximately 40 feet. Defendant Jaggar-Sroufe Company had the contract for putting in the electrical wiring, and this work required that some of its employees work on or about the marquee. The top of the marquee was finished, and some of the employees of defendants Grand Sheet Metal Works and Jaggar-Sroufe Company were working upon a platform underneath the marquee installing metal plates and electric wiring. There was also evidence tending to show that there was scaffolding beneath the marquee, and that the workmen were reaching the under side of the marquee by means of ladders situate at either end of the scaffold with the bottom or foot thereof resting on the sidewalk.

Witness E. E. Withrow, in answer to a question as to whether those ladders were used by the employees of both Grand Sheet Metal Works and Jaggar-Sroufe Company in going up and down from the scaffolding, testified as follows:

"Well, I don't know. I would presume so, because the men were working up there together, and they

would have to use a ladder to get up there. They probably wouldn't have to, but then they would because it would be more convenient, that is the idea.''

The evidence of George C. Anderson shows that he was, on February 2, 1928, an employee of defendant Jaggar-Sroufe Company in working on the marquee of the Portland theater, and that shortly after the lunch hour on that date there was a ladder on the northerly end of the marquee extending down to the sidewalk. The following question was asked this witness:

''Q. And was that the ladder that fell on the plaintiff, or some other ladder? A. That was the only ladder that was there on the north end.''

This witness, who was employed by Jaggar-Sroufe Company as electrician on the work, used the ladder which had been placed on the north side of the marquee in ascending to his work on the staging, and he says that is the ladder that fell upon plaintiff. He was asked the following question:

''When you got up on the scaffolding did you take the ladder away, or move it or change it in any way? A. I didn't move the ladder until after—either before or after I came up the ladder.

''Q. You left it there? You left the ladder there? A. Yes, sir.

There was likewise evidence tending to show that this ladder on the north end of the marquee was used by defendant Jaggar-Sroufe Company in pulling up its wires. In this connection, witness W. W. Ray testified as follows:

''Q. Mr. Ray, you have testified, in response to a question of Judge Coke's, that the Jaggar-Sroufe Company did have occasion to use a ladder on the north end of the marquee. Now, what was the occasion that they should have for their use? A. Well, in pulling up

their wires it was natural for them to get right down there instead of going the full length of that marquee each time to get up and down.

\* \* \* \* \*

"Q. And if your ladder was used when they were hauling their electric wires up, if they wanted to get on the staging from your ladder, what would have been necessary for them to have done? Where would they have had to have gone? \* \* \* A. He would have to walk each time about 90 or a 100 feet further to make the trip."

The plaintiff testified that at the time of the accident Harvey Stevens and Ralph Cline of the Duffy Players crossed upon this sidewalk in front of her, going in the same direction.

"Q. And they had passed, then, alongside of this ladder just before you? A. Just before I went.

"Q. Just before you did? A. Yes.

"Q. Well, do you know anything about whether their passing had anything to do with the falling of the ladder? \* \* \* A. Yes.

"Q. You say it did? A. Yes.

"Q. How did it happen? A. The nail caught on one of their coats.

"Q. On one of their overcoats? A. Yes; there was a nail sticking out of the ladder.

"Q. And that pulled the ladder down? A. That pulled the ladder."

The above, while it consists only of excerpts from the evidence, will, we believe, assist in making apparent the rules of law applicable in determining the questions presented in this cause.

■ Plaintiff bases her complaint upon the facts arising out of an alleged purpresture or encroachment maintained by defendant upon a street of Portland, which, it is alleged, consisted in placing and allowing to stand in said street a certain ladder which extended

from the sidewalk on the west side of Broadway to the north end of the canopy on the Broadway side of the building upon which defendant's employees were working. She alleges that while she was walking along the west side of Broadway street the said ladder became unbalanced and fell upon her, with the result that she was injured as set forth in her complaint. The facts stated in her complaint constitute a cause of action.

■ "The rule is universal that whoever, without lawful authority, obstructs a highway so as to render its use hazardous, is liable to one who sustains a special damage thereby. It is immaterial whether negligence caused the nuisance. The doing anything which renders the highway less commodious or safe for the traveler is a nuisance, the author of which is liable for the consequences." 2 Shearman & Redfield on the Law of Negligence (6th Ed.), section 365, cases cited.

The defendant has assigned as error the action of the court in giving the following instruction:

"There is some evidence in this case to the effect that the ladder which struck the plaintiff was set in motion by the pulling from the overcoat of a passing pedestrian. In this connection, I instructed you that one of the grounds of negligence charged by the plaintiff was that the defendant left the ladder standing upon the sidewalk at a point where pedestrians were required to pass the same and would be likely to run into or fall upon said ladder, and that said ladder was not properly braced or fastened. If you should find that the defendant did leave said ladder at said place upon the sidewalk in an unsecure or unfastened or unbraced position, and that the defendant should have reasonably anticipated that pedestrians and persons passing by said ladder might run into or against the same and cause the ladder to fall upon or injure pedestrians, then the fact that the ladder was put in motion by the pull of the overcoat of a pedestrian

would not excuse the negligence of the defendant in leaving said ladder in said place in said unsecure position, if, in fact, you find the defendant did leave said ladder in said place in said unsecure position.''

The defendant also complains that the court failed to give the following requested instruction:

''Moreover, if common experience does not show the wrong and the resulting damage was naturally in sequence, and the damage does not in the ordinary course of events follow from the wrong, then the wrong and the damage are not sufficiently conjoined or concatenated as cause and effect to support an action.''

Defendant's assignment of error No. 12 states, in effect, that the court should have given the following instruction to the jury:

''You are also instructed that where there are two or more possible causes of an injury for one or more of which the defendant is not responsible, the plaintiff, in order to recover, must show by evidence that the injury was wholly or partly the result of that cause which would render the defendant liable. If the evidence in this case leaves it just as probable that the injury was the result of one cause as much as the other, the plaintiff cannot recover.''

We shall consider these three assignments together.

The court's instruction as just set forth is not subject to criticism, in this, that there being no evidence in the record as to whether said ladder was fastened securely or otherwise, said charge of the court was therefore error and unwarranted. The gravamen in this action is the charge that defendant, by the means alleged, encroached upon and obstructed a highway, and that thereby plaintiff received the injuries of which she complains. The manner in which the obstruction was maintained is a matter of evidence upon the issue relating to the alleged wrongful act. It is

immaterial whether negligence caused the nuisance. 2 Shearman & Redfield on Negligence (6th Ed.), section 365, *supra; Congreve v. Smith,* 18 N. Y. 79; *Linsley v. Bushnell,* 15 Conn. 225 (38 Am. Dec. 79); *Elzig v. Bales,* 135 Iowa 208 (112 N. W. 540).

■■■ The instructions which defendant requested as heretofore stated, with other requests of like nature relating to the same subject, are relative to the proximate cause of the accident. It is said that this is the most important and difficult part of the general definition of a right of action based upon negligence. It probably is an accepted definition to say that the "proximate cause" is the cause which leads to, or may naturally be expected to lead to, the result. The defendant calls attention to the fact that it does not appear how the said ladder was placed on the sidewalk, or as to how it was fastened, if at all; that it became unbalanced and fell, through and by means of the catching of the overcoat of a passerby on a protruding nail in the ladder. The theory is advanced that the said act of the passerby may have been the proximate cause of the accident, and that the said requested instructions should have been given as applicable to these facts.

It is admitted as sound law that the breach of duty upon which an action is brought must be not only a cause but a proximate cause of the damage. It may be conceded that the mere fact that another person concurs or cooperates in producing the injury, or contributes thereto in any degree, whether large or small, is of no importance. If the injuries caused by the concurrent acts of two persons are plainly separable, so that the damage caused by each can be distinguished, each would be liable only for the damage which he

caused; but, if this is not the case, all persons who contribute to the injury by their negligence are liable.

It is argued, in effect, that the act of the pedestrian in pulling the ladder down as has been related is an intervening superseding cause of the accident. The law relative to such defense is as follows:

"The connection between the defendant's negligence and the plaintiff's injury may be broken by an intervening cause. In order to excuse the defendant, however, this intervening cause must be either a superseding or a responsible cause. It is a superseding cause, whether intelligent or not, if it so entirely supersedes the operation of the defendant's negligence that it alone, without his negligence contributing thereto in the slightest degree, produces the injury. It is a responsible one if it is the culpable act of a human being, who is legally responsible for such act. The defendant's negligence is not deemed the proximate cause of the injury, when the connection is thus actually broken by a responsible intervening cause. But the connection is not actually broken if the intervening event is one which might, in the natural and ordinary course of things, be anticipated as not entirely improbable, and the defendant's negligence is an essential link in the chain of causation. Of course, the very definition of a superseding cause implies that the defendant's negligence can not be the cause of the injury.

\*　　　\*　　　\*　　　\*　　　\*

"The chain of responsible connection is not broken so long as the defendant is in any proper sense the cause of the plaintiff's injury, unless the person whose act intervenes is culpable. If such person's act is innocent it is no defense. \* \* \*

"Neither is the alleged intervener culpable, if he was ignorant of the facts which would, if known, have imposed a duty of special care upon him." I Shearman & Redfield on Negligence (6th Ed.), sections 32, 36, 38, and cases cited.

The act of catching the overcoat on the nail protruding from the ladder was manifestly an innocent one. It would not be dissimilar in effect to the traveler on the highway, who might, without warning, jar an explosive carelessly left there. In neither case could these innocent acts be considered as the proximate cause of the accident resulting. They were rather unwitting instrumentalities in bringing about that which was made possible by the wrongful acts of others. It would seem to follow that under the admitted facts in this cause as to this particular question, it would have been improper to give said requested instructions for the reason that the jury would not have been warranted in finding that the proximate cause of said accident was the unbalancing of the ladder by the contact so had with the pedestrian walking on the street at the time.

"Whether an act or omission alleged to be negligence naturally and proximately caused an injury, is, as a rule, a question for the jury. But if there is no evidence connecting the alleged negligence with the injury, or if it is obvious that the act or omission was not the natural and proximate cause thereof, the question is for the court." *Smith v. Public Service Corporation,* 78 N. J. L. 478 (75 Atl. 937, 20 Ann. Cas. 151).

We hold that the action of the court in refusing to give said proffered instructions and in giving that of which defendant complains was without error.

■ Defendant assigns as error the action of the court in instructing the jury as follows:

"There is a presumption of law that a thing in the possession of a person belongs to him, and such a presumption is evidence in a case. If you therefore find that the ladder, at or about the time of the accident, was in the possession of the defendant, it is presumed

to have belonged to the defendant. This presumption is not a conclusive one, but may be rebutted by other testimony.''

The criticism offered, we take it, is that the court erred in designating a presumption as evidence. In appellant's brief we observe the following statement on the subject:

''A presumption of law is not evidence in a case, but is merely a conclusion which the jury might reach in the absence of evidence to the contrary.''

We note that the court stated the presumption with substantial accuracy, and explained that it is not a conclusive one but subject to rebuttal. No fault is found with the charge in that particular. We are inclined to the belief that the contention of counsel is correct, that—

''A presumption ordinarily is not evidence, but is a rule about evidence; presumptions not being indulged to supply the place of facts, and never being allowed against ascertained and established facts.''

However, in our code, the words ''presumption'' and ''evidence'' seem to be used interchangeably. In subdivision (2), section 868, Or. L., the court, among other things, is directed to instruct the jury as follows:

''That they are not bound to find in conformity with the declarations of any number of witnesses, which do not produce conviction in their minds, against a less number, or against a *presumption or other evidence* satisfying their minds.''

In view of the whole instruction in which it is alleged the said error appears, it is obvious, if appellant's position in regard to the use of said word is correct, that the same is without prejudice to him.

It is set forth as assignment of error No. 1 that the court erred in refusing to allow the motion of defendant for a nonsuit made at the close of plaintiff's case in chief. Said motion reads as follows:

"The defendant Jaggar-Sroufe Company moves the court for a judgment of nonsuit in this action on the ground of the insufficiency of the evidence to be submitted to the jury, and particularly in this, that there is a total want of evidence of negligence, or showing of negligence on the part of the defendant Jaggar-Sroufe Company; that there is a total lack of any evidence to support the allegations charged as against this defendant, in so far as negligence is concerned. The negligence charged in the complaint is placing and allowing to stand a ladder against the building. That is the only charge of negligence, and there is a total want and absence of evidence to support that allegation. The evidence, so far as the record now is concerned, wholly fails to show that the defendant Jaggar-Sroufe Company built or owned or had any control over the ladder or had anything to do with placing same against the building."

The motion having been overruled, a similar motion was made at the close of the testimony for a directed verdict in favor of defendant, which was likewise overruled. Of this action by the court complaint is made. These assignments of error will be considered.

First, it must be premised that the law of the state of Oregon does not permit a nonsuit to be granted whenever there is some competent evidence produced by the plaintiff in the trial of a cause supporting each material allegation of his complaint. This court has frequently declared that a motion for nonsuit is in the nature of a demurrer to the evidence, and that such motion admits not only all that the evidence proves, but all that it tends to prove. *Collins v. United Brokers,*

*Co.,* 99 Or. 556 (194 P. 458) ; *Carty v. McMenamin &
Ward,* 108 Or. 489 (216 P. 228). A motion for a directed
verdict presents the same question for decision as does
a motion for judgment of nonsuit; but the plaintiff is
of course entitled to the benefit, not only of his own evi-
dence, but also to the benefit of any evidence favorable
to him, though introduced by the defendant. *Huber v.
Miller,* 41 Or. 103 (68 P. 400), Section 3-c, article VII,
Oregon constitution, provides that no fact tried by a
jury shall be otherwise re-examined in any court of this
state unless the court can affirmatively say there is
no evidence to support the verdict.

■ In the instant cause there was evidence before the
jury tending to show that at the time of the accident
appellant was, and for a period of one to three weeks
prior thereto had been, engaged in installing a system
of electric wiring in the ceiling of the marquee of the
Portland Theater, and, in carrying on this work, had
been using wire which was drawn up onto the working
platform underneath the marquee by appellant's em-
ployees from large spools situate on Broadway street
to the north of the marquee. The marquee was 40
feet long and 16 feet wide. The south end was 11 feet
above the sidewalk, and the north end 12. The distance
between the platform upon which appellant's em-
ployees were working and the ceiling of the marquee
was about three feet. There were only two ladders rest-
ing against the marquee at the time of the accident.
One was a permanent ladder attached to the south end
of the marquee, the other a roughly constructed ladder
which extended from the sidewalk on Broadway street
to the marquee. This roughly constructed ladder is the
ladder that fell upon the plaintiff and injured her
under the circumstances narrated in the evidence. The
accident occurred at about 2 o'clock p. m. There was

evidence tending to show that appellant's employee used this ladder to get upon the staging under the marquee when he returned from lunch on the day of the accident, and that appellant again used it about 3 p. m. for pulling up its wires. There was likewise evidence tending to show that, as a matter of convenience, it was natural for appellant, in pulling up the wires, to use the ladder on the north instead of going the full length of the marquee each time to get up and down.

A synopsis of the evidence presents the contract and work undertaken by the appellant and its employees; the occasion which they had for the use of ladders in their work; the question as to whether appellant, through its employee or employees, was in possession of a ladder or ladders and whether they were being used by them, and also the fact as to whether the ladder possessed by appellant fell upon the plaintiff. These matters are all proper circumstances for consideration in the cause. The court may not take the cause from the jury if there is some competent evidence produced by the plaintiff supporting each material allegation in the complaint. The evidence is circumstantial. Yet each item of evidence is to be considered with all of the circumstances of the case. When so considered, to what conclusion of fact do they lead touching the question here? May the court say that there is such an absence of proof that the cause should not be submitted to the jury? After considering the question carefully, we are of the opinion that the lower court rightfully determined that the said motions of appellant should be overruled.

■ The plaintiff objected to the following question propounded to witness George C. Anderson:

"Now, then, as I understand you, the only time that any of the employees of the Jaggar-Sroufe people used

that ladder, so far as you know, is when you came back from your lunch you found it there and walked up it? A. Yes sir.

"Mr. Reilly: Just a moment. That is objected to, Your Honor. That surely is not cross-examination, as to whether these people used it at some other time, some other employee of Jaggar-Sroufe. He can bring this all out on his direct case."

■ It seems the court sustained this objection, and appellant assigns this ruling as error. After a careful examination of the record, we find that the ruling of the court was correct. The matter of the court's ruling upon the question is rendered quite immaterial by the fact that the said witness was placed on the stand by the defendant and testified as follows:

"Q. There has been considerable testimony in relation to the use of the ladder. I think you testified to it yesterday in behalf of the plaintiff, and I want to ask you now whether you used that ladder for any other purpose than to ascend the ladder when you came back from lunch on that one day? A. That is all that—that is all that that ladder was used for, to my knowledge, as long as we worked on that marquee.

*      *      *      *      *

"Q. Did any other employee of the Jaggar-Sroufe people, the Jaggar-Sroufe Company, use the ladder at all? A. No sir."

There are no other assignments of error in this cause requiring special mention. The questions about which there has been contention have been referred to.

Finding the proceedings of the circuit court free from error, it becomes the duty of this court to affirm the judgment. It is so ordered.

CoSHOW, C. J., and BEAN and BELT, JJ., concur.