Argued April 11, reversed with instructions November 7, petition for rehearing denied December 11, 1962

# STONEBURNER v. GREYHOUND CORPORATION ET AL

375 P. 2d 812

*Richard Bryson,* Eugene, argued the cause for appellants. On the brief were Calkins & Bryson, Eugene.

*Joe B. Richards,* Eugene, argued the cause for re-

spondent. On the brief were Luvaas, Cobb & Richards, Eugene.

Before McAllister, Chief Justice, and Rossman, Perry and Goodwin, Justices.

PERRY, J.

The plaintiff, an employee of the C. H. Strong Construction Company as a crew superintendent, alleged that he was injured when struck by a bus of the defendant Greyhound Corporation, operated by the defendant Shelton. The jury returned a verdict for the defendants. Plaintiff moved for a new trial, which was granted by the trial court, and from this order the defendants appeal.

The facts of this case, so far as they are necessary to this opinion, are as follows: The plaintiff was foreman of a construction crew engaged in relining with concrete the Cape Creek Tunnel through which Highway 101 runs in Lane County, Oregon. This tunnel is between 700 and 800 feet long and runs generally north and south. Normally the tunnel accommodates two-way traffic, but during the construction period traffic was limited to one way and was regulated by automatic traffic signals at each end of the tunnel.

On May 6, 1960, plaintiff was working alone about one-third distance in the tunnel from the south end, and was stooping to pick up scraps of lumber, when, he says, he was struck from the rear by a Greyhound bus. The plaintiff testified he did not see the bus before or at the time of impact, but after he was struck he looked up to see a Greyhound bus beside him that did not stop.

The trial court granted the new trial upon the

basis that he had failed to instruct the jury that if they found the plaintiff was contributorially negligent that his own negligence must be a proximate cause of his injuries to bar his recovery.

■ Where error has been committed a motion for a new trial is addressed to the discretion of the trial court as to whether or not the error committed was prejudicial, and its order will be upheld unless it appears there has been an abuse of that discretion. *Hillman v. Northern Wasco County PUD*, 213 Or 264, 323 P2d 664; *Guthrie v. Muller*, 213 Or 436, 325 P2d 883; *Clark v. Fazio et al.*, 191 Or 522, 230 P2d 553.

The trial court gave the following instructions:

"* * * I instruct you that negligence ordinarily consists in doing that which an ordinary, prudent and careful person would not do, or in failing to do that which an ordinary, careful and prudent person would do in a particular set of circumstances.

"It means the failure to use ordinary and reasonable care. And what constitutes ordinary and reasonable care in any particular case or set of circumstances depends upon the risks or dangers involved, or reasonably expected as a result of the failure to use such due care.

"In other words, it is a measure of conduct. And that measure of conduct is not the highest degree of care, nor is it satisfied by the lowest degree of care.

"It is that care which an ordinary person would exercise under the same or similar circumstances.

"In addition, the failure to obey the requirements of a law or a statute which for safety or protection of others, commands or requires certain acts, or conduct, or forbids or prohibits certain acts, or conduct, is negligence per se; or, in other words, negligence in and of itself, regardless of

what an ordinary and prudent person might do in the absence of such law, the law having established what is required.

"However, before one's negligence in any given case, if there is negligence, would make him liable for injuries resulting from an accident, or liable for damages complained of, if any, such negligence must be the proximate cause of the resulting injury or damage complained of.

"Now, the proximate cause of an injury is that cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which the results would not have occurred, and which result in the light of the attending circumstance ought to have been seen by a person of ordinary care and prudence. In order to constitute a particular act of negligence the proximate cause of any injury, it is not essential the precise injury for which recovery is sought could have been foreseen. It is sufficient if a defendant could have reasonably anticipated that some injury might result from the act or omission of which complaint is made. There must be nothing to break the causal connection between the alleged negligence and the injury.
"* * * * *

"Now, if you find from a preponderance of the evidence that the plaintiff himself was negligent in one or more of the particulars alleged in the defendant's answer, and that such negligence of the plaintiff, if any, contributed to the cause of the accident in any degree, then the law leaves the parties where it finds them, and neither party may recover against the other."

The plaintiff's contention on his motion for a new trial, concurred in by the trial court, is that the above instruction on contributory negligence fails to state that the plaintiff's negligence must be found to be a proximate cause of his injuries. Further, that the use

of the "modifying phrase 'in any degree' weakened the word 'contributed' " so that it could not be substituted adequately for proximate cause. Also, the plaintiff contended the failure to use the word "proximate" in the instruction permitted the jury to consider remote negligence of the plaintiff to bar his recovery.

■ There is no merit in this last contention of the plaintiff. The court's instruction limits the jury's consideration of the contributory negligence of plaintiff to those acts of negligence alleged in the defendants' answer. Each of these allegations of negligence refers to a failure to use due care in a manner which, if not performed, would necessarily be an efficient cause of plaintiff's injury.

■ There is no doubt but that the law requires not only proof of negligence, but proof that there is a causal relation between that negligence and the injury suffered to bar a plaintiff from recovering from a negligent defendant. *Leap v. Royce et al.,* 203 Or 566, 279 P2d 887; *Senkirik v. Royce et al.,* 192 Or 583, 235 P2d 886. The question presented, therefore, is whether or not it was necessary for the court, under the facts of this case, to advise the jury that if they found the plaintiff negligent they must also find such negligence was a "legal cause," the terminology of 2 Restatement of Torts, § 281, Negligence, page 734; and, § 431, Causation, page 1159, or, as we usually and customarily say, a proximate cause of his injury.

■ "Legal cause," or, "proximate cause," in its larger aspect, covers, in general, all of the limitations placed by the law upon the responsibility of a person for his negligent conduct. Prosser, Law of Torts, Hornbook Series, 2d Ed, Ch 9, page 252. Thus, proximate cause in its larger aspect, refers to the limitations placed on the responsibility of a negligent defendant to

a plaintiff, and refers to limitations placed on a negligent plaintiff's right of recovery against a negligent defendant.

The court instructed on negligence, and the jury returned a verdict for the defendants.

The defendants allege the plaintiff was negligent in failing to maintain a proper lookout for defendants' vehicle; that he failed to listen for the approach of defendants' vehicle; failed to give any warning of his presence in the tunnel, and failed to yield the right of way. Other allegations of negligence as against the plaintiff are set forth but are merely repetitious of the allegations above listed.

■ Since the accident and injuries of the plaintiff herein were caused by a collision between the bus and the person of the plaintiff within the tunnel, the only efficient causes of such collision had to be the negligence of the bus driver or the personal negligence of the plaintiff, or both. There is no evidence of outside forces or of conditions in operation which in any manner could have been considered a responsible agency in bringing about the collision.

> "In general if there is reasonable doubt as to the proximate cause of an injury it is a question for the jury; but questions of proximate cause are for the court in plain and indisputable cases or where the causal connection is evidently not proximate; and if the record is such that proximate cause may be assumed as a matter of law that issue should not be submitted to the jury." 65 CJS 1187, Negligence, § 264.

This statement expresses the established rule in this state. *Zickrick v. Cooke et al.,* 197 Or 87, 252 P2d 185; *Ahern v. Oregon Telephone Co.,* 24 Or 276, 288, 33 P 403, 35 P 549, 22 LRA 635.

■ As a matter of caution, trial courts submit instructions on proximate cause, but such instructions are unnecessary where in the very nature of things the alleged acts of negligence, if true, necessarily formed a part of the efficient cause, and the law itself would draw that inference.

■ It clearly appears from the record that if the plaintiff was guilty of negligence in any of the particulars alleged in defendants' answer, they must of necessity have been an efficient cause of his injuries. It was therefore unnecessary for the trial court to submit to the jury a question of fact as to causal relation. The only question of fact for the jury insofar as the plaintiff's actions were concerned was whether he was negligent as alleged. There was therefore no error in the court's failure to use the words proximate cause. Since there was no error, the trial court abused its discretion in granting a new trial.

The cause is reversed with instructions to reinstate the judgment for the defendants.

GOODWIN, J., specially concurring.

Like the majority, I am satisfied that the instruction on proximate cause should not have been given in connection with the plaintiff's own negligence. Our decision, however, should not be understood as approving in full the instruction quoted in the majority opinion.

It smacks of apostasy for a judge who has given the traditional instruction on proximate cause countless times to suggest that it is a bad instruction. Nonetheless, when we know better, we should not approve an instruction which is both confusing and inaccurate.

When the traditional Oregon instruction on proximate cause is reduced to its simplest form, as it has been by an able committee of the bar, it reads as follows:

"The term 'proximate cause' means a cause which in a direct, unbroken sequence produces the damage complained of and without which the damage would not have occurred. *Negligence is the proximate cause of the damage when the damage is the natural or probable result of the negligence.* Such negligence need not be the only cause, but it must be one of them *and such as might have been reasonably foreseen as leading to damage of the general nature claimed in this case.*" (Italics added.) Instruction No. 15.01, Oregon Jury Instructions for Civil Cases, Oregon State Bar (1962).

The foregoing instruction is talking about ultimate legal liability—not about causation. The jury, however, is not in on this secret. It is invited to think about causation. In that context foreseeability is nonsense. I do not criticize either the bar committee or the judges who use the instruction. The committee felt itself to be, and no doubt was, bound to reflect its best understanding of the pronouncements previously made by this and other courts.

Turning to the portion of the instruction in italics, the first sentence so singled out is obviously misleading. Negligence (conduct) is not necessarily the proximate cause, legal cause, or any other kind of cause of injury unless it is first the factual cause. Whether the injury is a natural or probable result of negligence gets us nowhere. Many a failure to exercise care is pregnant with natural or even probable results which do not happen to occur. Again, another failure to exercise care may produce highly unlikely, unnatural, or improbable results. One may

contemplate his own illustrations of these propositions. See Green, *Rationale of Proximate Cause* 77-118 (1927) for others. Suppose a defendant motorist takes the wrong side of a sharp curve on a mountain road used by only three or four cars a day. If the defendant meets the plaintiff and injures him, there is no doubt about the actual cause of the collision. Foreseeability and probability would support a verdict of negligence. In some states, legislation (no doubt based upon foreseeability) would take from the jury the question of negligence. Foreseeability does not, however, go to the question of causation. See *Tullgren v. Company*, 82 NH 268, 276, 133 A 4, 46 ALR 380 (1926). In such a case it is unnecessary to give any instruction on causation. There is no issue on it.

The next sentence in the quoted instruction also contains matter which properly belongs elsewhere in the instructions, but only if appropriate to the case. The first clause, "Such negligence need not be the only cause, but must be one of the causes," is a concept that ought to be conveyed to the jury only in multiple-cause cases when the jury is being told how to match up causation in fact (if they find it) with negligence (if they find it) in reference to the ultimate question of liability. Moreover, the remaining matter in italics has no place in the jury's consideration of causation at all. Whether the defendant's conduct caused the plaintiff's injury ought to be decided, but it ought to be decided by clear heads. The conduct either caused injury or it did not. See Leon Green, *The Causal Relation Issue in Negligence Law*, 60 Mich L Rev 543 (1962).

Ideally, the fact of causation should be decided first, in the relatively rare case in which it needs to

be submitted to the jury. After the jury has decided or has been instructed that the defendant's conduct played a substantial causal role in bringing about the plaintiff's injury, then is the time for the jury to consider whether that conduct was negligent. It is at this point, and at this point only, that the foreseeability of harm has relevance. If no harm was foreseeable, then perhaps the defendant's conduct was not negligent. If some harm was foreseeable, then perhaps the conduct was negligent. Deciding that matter is ordinarily jury work.

A new approach to the instruction on causation will require some changes in pleadings and in the preparation for trial, but it will be of real service to juries. Obviously a complete set of instructions cannot be promulgated in a single opinion. Nor can every kind of factual situation be anticipated. A significant start will be made if the concept of foreseeability is removed from the instruction on causation.

I concur in the result.