Argued February 1, affirmed April 2, 1965

# STEWART *v.* NOFZIGER SEED CO.

### 400 P. 2d 527

*Walter J. Cosgrave,* Portland, argued the cause for appellant. With him on the briefs were Maguire, Shields, Morrison, Bailey & Kester, Winfrid K. Liepe and David C. Landis, Portland.

*Lamar Tooze,* Portland, argued the cause for respondent. With him on the brief were Tooze, Powers, Kerr, Tooze & Morrell, Portland.

Before McALLISTER, Chief Justice, and PERRY,

164

SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

SLOAN, J.

Plaintiff was injured when a car in which she was riding attempted to make a left turn onto Barbur Boulevard in Portland. In the attempt, the car was struck by defendant's truck. In this action defendant was awarded a verdict and judgment. Plaintiff appeals. The issues on appeal relate to instructions given and requested instructions refused.

Barbur Boulevard is a heavily traveled street consisting of two lanes of travel each way. The street extends generally north and south. The north and south-bound lanes of travel are divided in the center of the highway by raised concrete bars, sometimes referred to as "jiggle" bars.

Plaintiff and her companion who was driving had been on an errand on the westerly side of Barbur near the intersection of Southwest 30th Avenue. When the two girls left their appointed place the driver of the car drove from the westerly side of the street and attempted to turn into the north-bound lane of travel. There was a conflict in testimony as to whether the car entered Barbur from Southwest 30th Avenue or from an adjacent filling station. At the entrance to Barbur Boulevard from 30th Avenue was a sign which read "Right Turn Only."

At the unfortunate moment when the driver of the car attempted this turn, defendant's truck was traveling north along Barbur Boulevard carrying a load of over twenty tons of grass seed. The truck collided with the car, and plaintiff's injuries resulted.

Plaintiff alleged that defendant's driver failed to

exercise lookout and control and drove with excessive speed. The defense was that the negligence of the driver of the car was the only cause of the accident. The jury agreed with defendant.

The most serious issue here evolves from the trial court's instructions on proximate cause. The instructions generally were in the usual language. Error is claimed because in referring to the allegations of defendant's negligence as related to proximate cause, the court used the expression that before plaintiff could recover she must prove that defendant's negligence was "the proximate cause" of the accident. It is true, of course, that if the jury found that defendant's driver had been negligent it was only necessary for the jury to have found that the negligence was "a" cause of the accident in order for plaintiff to recover. It was not claimed that any negligence of the driver of the car she was in could have been imputed to plaintiff.

■ This is a case in which no instructions at all should have been given on the subject of proximate cause. See the two opinions in *Stoneburner v. Greyhound Corp. et al,* 232 Or 567, 375 P2d 812 (1962) ; and *Dewey v. A. F. Klaveness & Co.,* 233 Or 515 at 540, 379 P2d 560 (1963). There could have been no possible doubt as to the cause of plaintiff's injury. The only question for the jury was to decide if there had been any negligence on the part of defendant's driver. However, that was not the issue presented to the trial court and brought here. Plaintiff excepted only to the wording of the instructions given by the court. The instructions were not the most precise that could have been used. But it is not possible for us to believe that in a case like this the jury would have had any

problem in understanding what it was called upon to decide.

In other instructions the court told the jury that if it found that the driver of defendant's truck was the only negligent driver, or if it found that defendant's driver and the driver of the car were both negligent, then plaintiff could recover against this defendant. The court also told the jury that if they found that defendant's driver was not negligent, plaintiff could not recover. That, in summation, presented the whole case to the jury, and nothing else in respect to this phase of the case was necessary. The court otherwise explained the issues of negligence presented by the pleadings and gave the other instructions that the case required.

Some of the requested instructions not given by the court, for which error is charged, were not accurate or complete statements of the law. But, in any event, the instructions given adequately told the jury the questions to be decided.

■ Further assignment is made because the court instructed the jury to disregard a specification of negligence which charged that defendant's driver failed to swerve to avoid the accident. There was no evidence to support the allegation, and, as the court instructed the jury, the same issue was included in the specification charging lack of control.

We find no error in the case and the judgment is affirmed.