Argued December 8, 1964, affirmed June 3, 1965

HILLS *v.* McGILLVREY ET AL
and
ORCHARD ET AL
402 P. 2d 722

*Phil Cass, Jr.,* Eugene, argued the cause for appellants. With him on the briefs were Riddlesbarger, Pederson, Brownhill and Ingerson, Eugene.

*Arlen C. Swearingen, Vernon D. Gleaves,* and *Bruce Avrit,* Eugene, argued the cause for respondent and cross-appellant Lorraine E. Hills, Administratrix.

With Swearingen on the brief were Ramstead & Avrit and Butler, Husk & Gleaves, Eugene.

*John Luvaas,* Eugene, argued the cause for defendants and cross-respondents McGillvrey. On the brief were Luvaas, Cobb & Richards, Eugene.

*Sidney Thwing,* Eugene, argued the cause for defendants and cross-respondents Union Carbide Corporation and Raymond Eugene King. On the brief were Thwing, Ferris, Atherly & Butler, Eugene.

No appearance for defendant Orville Burlington.

Richard D. Rohr, of Bodman, Longley, Bogle, Armstrong & Dahling, Detroit, Michigan, filed a brief as amicus curiae, on behalf of National Automotive Parts Association.

Harold T. Halfpenny, James F. Flanagan, Mary M. Shaw, and Halfpenny, Hahn & Ryan, Chicago, Illinois, filed a brief for Automotive Service Industry Association as amicus curiae.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE, and LUSK, Justices.

GOODWIN, J.

This is an action for damages for the wrongful death of a motorist who was killed in an automobile collision. There is an appeal and a cross appeal.

The fatal accident involved three motor vehicles. Sheridan Hills was driving in an easterly direction on State Highway 58. He stopped within an intersection to make a left turn onto State Highway 222. Mrs. McGillvrey, also driving east on Highway 58, had been travelling behind the Hills vehicle and

had attempted to overtake the Hills vehicle. Mrs. McGillvrey had turned out to pass and then turned back into the eastbound lane. The brakes of the McGillvrey automobile failed, and the McGillvrey vehicle struck the rear of the Hills vehicle, causing the Hills vehicle to cross over into the westbound lane where it was almost instantly struck by a westbound truck driven by the defendant King. At the time of the accident, the defendant King was in the employ of the defendant Union Carbide Corporation.

Mr. Hills was killed in the collision. His administratrix brought this action against the owners and operators of the other vehicles, and against the suppliers of a replacement wheel-bearing as well as against the mechanic who installed it.

■ There was evidence from which the jury could have found that the cause of the McGillvrey brake failure was the installation of an undersized wheel bearing which was sold by Leslie Carrothers, an employe of a partnership known as Orchard Auto Parts. Orville Burlington was the mechanic who installed the wheel bearing on the day of the accident.

The jury found the defendants Orchard, and their employe, Carrothers, to have been negligent in supplying Burlington a wheel bearing for a 1955-56 Chevrolet automobile after he had asked for a bearing for a 1957 Chevrolet automobile. (Burlington admitted that he was negligent in installing the wrong part, and a verdict was directed against him.) The jury exonerated King, the McGillvreys, and Union Carbide Co. from liability. The defendants Orchard and Carrothers, hereinafter referred to as Orchard Auto Parts, appeal from the judgment against them. The plaintiff cross-appeals from the judgment in favor of the defendants McGillvrey, King, and Union Carbide.

There was evidence from which the jury could have found that the conduct of Burlington, combined with the conduct of Orchard Auto Parts, was a substantial factor in the cause of the accident. There was technical and nontechnical evidence about the cause of the brake failure. The evidence revealed that the installation of the wrong-sized bearing upon the rear axle of the McGillvrey automobile caused heat; the heat caused the brake fluid to vaporize; the vaporizing of the fluid caused a total loss of braking capacity; and the failure of the brakes caused the fatal collision.

The wheel bearing Burlington received was superficially similar in appearance, size, and weight to the one he had ordered. The differences, while discernible, would not readily appear to a person who was not specifically comparing the parts. The jury could have found that if Orchard Auto Parts had supplied the proper part the accident would not have happened. The question is whether its conduct makes Orchard Auto Parts liable to the plaintiff.

The trial judge submitted the issues of negligence and causation to the jury in the traditional terms of proximate cause. The jury was told, in effect, that it could find that Orchard Auto Parts was negligent and that its negligence was the proximate cause of the accident if the jury believed that the supplying of the wrong part to a mechanic created a foreseeable risk of harm to others.

The court also instructed the jury that the intervening negligence of Burlington could be treated as the sole proximate cause, relieving Orchard Auto Parts of liability, if the jury believed that the mechanic's admitted negligence in installing the wrong part was "extraordinarily negligent," or negligence so far outside the scope of the foreseeable risk created by the

negligence of Orchard Auto Parts as to make that negligence, if any, inconsequential, or a "remote" cause of the harm. In this respect, the trial court followed the analysis of the problem of the intervening conduct of another found in *Dewey v. A. F. Klaveness & Co.,* 233 Or 515, 542-543, 379 P2d 560 (1963) (Concurring opinion of Mr. Justice O'CONNELL).

The sufficiency of the complaint was challenged, timely motions were made to withdraw from the jury's consideration the question of the liability of Orchard Auto Parts, and the instructions were duly excepted to. Error has been assigned to each of the rulings that were adverse to Orchard Auto Parts. The thrust of this appeal is that the negligence, if any, of Orchard Auto Parts was not a substantial factor in causing the harm. In the alternative, Orchard Auto Parts argues that its conduct breached no duty owed this plaintiff.

Orchard Auto Parts relies upon the language of *Palsgraf v. Long Island R. R. Co.,* 248 NY 339, 162 NE 99, 59 ALR 1253 (1928), that "[t]he risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension * * *." 248 NY at 344, 162 NE at 100. Orchard Auto Parts argues that it no more could have foreseen the chain of events that produced the death of the plaintiff's intestate than the operators of a commuter train could have foreseen the injuries that befell Mrs. Palsgraf. In other words, even if it be conceded that Orchard Auto Parts made a mistake, and thus, perhaps, was negligent in so doing, it is argued that such negligence was neither a breach of any duty owed the present plaintiff, nor a substantial cause of the harm.

■ The trial court correctly analyzed the problem

and committed no error in submitting it to the jury. It was for the jury to decide whether or not harm to the public might be a foreseeable result of the conduct of Orchard Auto Parts. If it was reasonably foreseeable that some harm to the traveling public could result from the installation of the wrong part on an automobile, and if it was reasonably foreseeable that the mechanic might negligently install on an automobile a part supplied him for such a purpose, then it would follow that there was a duty on the part of the suppliers not to supply the mechanic the wrong part. For a discussion of the "duty" concept, see Leon Green, Judge and Jury 30-96 (1930).

Orchard Auto Parts presses the point that it was the duty of the mechanic to install the part with due care, and that if he had exercised due care he would have discovered that he had been given the wrong part and presumably would not have installed it upon the automobile. The admitted negligence of the mechanic, Orchard Auto Parts urges, "breaks the chain" of causation, and refutes the contention that the negligence of the parts suppliers was a "substantial" or "proximate" cause of the plaintiff's loss.

▮ The suppliers' conduct, Orchard Auto Parts contends, could not have been the legal, or responsible, cause of the harm, as those terms are employed in the discussion of proximate cause found in the Restatement, 2 Torts (1934), particulary at § 447. The difficulty with this argument is that it assumes that it is the function of the court rather than of the jury to decide whether the conduct of Orchard Auto Parts was a substantial factor in producing the harm. When reasonable persons can differ upon the point, the question of "substantial" or "proximate" cause is for the jury. See, e.g., *Stoneburner v. Greyhound Corp.*

*et al,* 232 Or 567, 573, 375 P2d 812 (1962). After a jury has found that the conduct of the parts supplier was at least a substantial factor in the cause of the harm, and has categorized that conduct as negligent, liability must follow. See Prosser, *Palsgraf Revisited,* 52 Mich L Rev 1, 27 (1953).

■ If both Burlington and Orchard Auto Parts were negligent, and their combined negligence produced the result, then it is apparent that the negligence of Burlington was concurrent with that of Orchard Auto Parts and did not serve to insulate Orchard Auto Parts from liability. *Strandholm v. General Const. Co.,* 235 Or 145, 158, 159, 382 P2d 843 (1963); *Arneil v. Schnitzer,* 173 Or 179, 144 P2d 707 (1944); *Johnson v. Hoffman et al,* 132 Or 46, 55-56, 284 P 567 (1930); *Benton v. Sloss,* 38 Cal2d 399, 240 P2d 575 (1952). See also 2 Harper and James, The Law of Torts 1143, § 20.5 (1956).

■ One point relied upon throughout this appeal by Orchard Auto Parts and by its trade associations is that a judgment against the parts house in this case will make such merchants the insurers of the due care of their mechanic-customers, over whom they have no control. The answer to this argument is that a parts house can prevent the harm by not supplying the wrong parts to its customers. This court is merely holding that the harm and the risk thereof in this case were not so unlikely a product of the supplier's mistake that we can say, as a matter of law, that harm to the motoring public was unforeseeable. The foreseeability of harm was for the jury to consider in arriving at its decision on the issue of negligence.

■ The plaintiff did not plead this as a strict-liability or implied-warranty case, and we express no opinion concerning the possible liability of a supplier who

may have been free from fault. In the case at bar, it was within the permissible function of the jury to find that in the exercise of due care Orchard Auto Parts would not have given the wrong part to a customer who in the ordinary course of business would be likely to install it upon an automobile. The liability in the case at bar therefore is predicated upon a jury verdict that there was fault.

Turning to the cross appeal, the principal issue is whether the court erred in permitting the jury to exonerate the defendants McGillvrey in the face of their admitted failure to have their automobile "equipped with brakes * * * in good working order," as required by ORS 483.444.

■■ The trial court believed that when it could be shown that a brake failure was wholly beyond the control of the operator of the offending vehicle, the failure to comply with the statute was excused. The court thus refused to impose liability without fault. The court ruled that the jury could decide whether the defendants McGillvrey were excused for their apparent violation of the statute. The trial court rejected the contention that by ORS 483.444 the Legislative Assembly intended to impose upon the operators of automobiles with defective brakes unlimited civil liability without regard to the reason why the brakes failed. Because the problem is discussed at length in *McConnell v. Herron,* decided this day, it is not necessary to extend this opinion by a duplication of the material in the *McConnell* opinion. The trial court committed no error in submitting to the jury the question of an excuse for the failure of the defendants McGillvrey to have adequate brakes.

The cross appeal contains 15 assignments of error. Our disposition of the appeal makes discussion of

most of these assignments unnecessary. Other points, such as the giving of defendant's requested instructions on "unavoidable accident" and "sudden emergency," while well taken, present no basis for reversal. The instant case was tried prior to the publication of *Fenton v. Aleshire,* 238 Or 24, 393 P2d 217 (1964), which pointed out that these comments upon the evidence should not be given. The issues of negligence, however, were clearly defined in the instructions, and the verdict based on them should be upheld. Consequently, the cross appeal presents no basis for reversal.

Affirmed.

McALLISTER, C. J., specially concurring.

In my opinion there was evidence in this case from which the jury could find that the negligence of Orchard Auto Parts Co. and its salesman, Carrothers, in combination with the negligence of Burlington was the proximate cause of the death of plaintiff's decedent. I, therefore, concur in the result.

PERRY and LUSK, JJ., concur in this opinion.