Argued October 29, 1965, reversed and remanded January 19, petition for rehearing denied March 8, 1966

# SWORDEN *v.* GROSS
409 P. 2d 897

*Frederic P. Roehr,* Portland, argued the cause for appellant. With him on the brief were Vergeer & Samuels, Portland.

*Maurice D. Sussman,* Portland, argued the cause and filed the brief for respondent.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

HOLMAN, J.

Plaintiff brought an action against defendant for damages for personal injuries resulting from an accident between vehicles of which they were the respective operators. Defendant has appealed from a judgment in favor of plaintiff entered on a jury verdict.

It was a cold and snowy day. Driving conditions were poor. Plaintiff was operating his vehicle in a westerly direction on East Division Street in the city of Portland at a point just east of its intersection with 52nd Avenue. At that point Division Street slopes in a westerly direction. Traffic at this intersection is governed by automatic traffic signals. Plaintiff attempted to stop behind a vehicle which had also been traveling west on Division Street and which was stopped for a red light at the intersection. Plaintiff was unable to stop in time and slid for a block on icy pavement, colliding with the vehicle in front of him just as the traffic light turned green. Defendant was also traveling in the same direction on Division Street behind plaintiff. Upon observing the collision between plaintiff and the vehicle stopped at the signal lights, he applied his brakes and slid for a block and a half into plaintiff's vehicle. This is the collision with which we are here concerned.

Defendant alleged plaintiff was guilty of contributory negligence in operating his vehicle in such a manner as to cause the first collision with the vehicle awaiting the change of traffic lights. There was evidence from which the jury could have so found. The trial court withdrew the allegations of contributory negligence from the consideration of the jury and defendant assigns their withdrawal as error. The principal question presented by the briefs for determina-

tion is whether the causal connection between the collision in question and plaintiff's actions in causing the first accident was sufficient to require submission of the question of contributory negligence to the jury. Defendant contends there was such causal connection because the traffic light turned green and he would not have had to stop had plaintiff's car not remained entangled with the third vehicle at the intersection.

██ The connection between negligence and injury which results in legal responsibility for the harm is designated by the traditional legal concept of "proximate cause" also sometimes known as "legal cause." In order for there to be such cause the negligence must be a substantial factor in bringing about the injury or damage in question, *Hills v. McGillvrey,* 240 Or 476, 482, 402 P2d 722 (1965), or the injury or damage must be the natural or probable consequences of the negligent act, *Leavitt v. Stamp,* 134 Or 191, 196, 293 P 414 (1930).

█ The use of the words "natural and probable consequences" in describing proximate cause has been criticised as indicating that foreseeability was part of the process in determining causation. See Prosser, Torts, § 50, at 290-291 (3d ed 1964). By the use of these words we do not mean to indicate that we believe foreseeability is properly a factor in determining causation. Unfortunately, in the opinions of this court, as of others, foreseeability, which is an element of negligence, has been introduced into the discussion of causation. See the opinion of Mr. Justice Mitchell in *Christianson v. Chicago, St. Paul, M & O Ry. Co.,* 67 Minn 94, 96-97, 69 NW 640 (1896).

██ Had plaintiff's vehicle not become entangled with the one awaiting the change of signal at the inter-

section, the two of them would have normally proceeded on their way through the intersection with the green light and would not have caused an obstruction in the street with which defendant collided. The second accident, which is the one here in question, would thus be a natural and probable consequence of plaintiff's negligence, if any, in blocking the street. At least it would be a jury question. When reasonable persons can differ upon the point, causation is a jury question. *Hills v. McGillvrey,* supra, 482; *Stoneburner v. Greyhound Corp.,* 232 Or 567, 573, 375 P2d 812 (1962).

■ There is a contention that the blocking of the street by the first collision did not contribute to the happening of the second as defendant could have avoided it. Defendant did testify he could have pulled to the parking lane and avoided the collision, but he also testified he did not know whether there were any parked cars there or not. It was a jury question.

■■ Plaintiff claims any negligence on his part had come to rest, was no longer active, and became a condition of the street and was therefore not a cause of the second accident. If a party places his person or property in a position of danger, or establishes a state of things which is or may be dangerous to himself or others, his negligence continues so long as that source of danger remains unremedied. The jury could have found that if plaintiff were negligent under the conditions then existing he created a continuing source of potential danger to cars following him. For a discussion of cause and condition see Prosser, Torts, § 49, at 286 (3d ed 1964).

■ The case is reversed and remanded for a new trial because of the failure to submit the question of

plaintiff's contributory negligence to the jury. Because of the necesity of a new trial it is appropriate to discuss another aspect of the case. One assignment of error was related to the form in which an instruction was given to the jury on the icy conditions of the street being an independent, intervening force. It is apparent that this instruction was based on the opinions in *Baty v. Macken,* 206 Or 285, 292 P2d 489 (1956), and *Blair v. Rice,* 195 Or 587, 246 P2d 542 (1952). The language used in these cases relative to icy conditions of the road being an independent intervening force of nature is expressly overruled. An icy condition is not an independent intervening force. It is a condition of the road which it is proper for the jury to take into consideration in deciding whether operators of vehicles are negligent under the circumstances.

In view of the manner in which we have disposed of the first specification of error, it is unnecessary to consider the other issues on appeal.

The case is reversed and remanded for a new trial.