**Nolan RICHEY, Plaintiff,**

v.

**Robert SUMOGE and Yuki Sumoge, his wife, Caldwell Manufacturing Company, Inc., a corporation (whose correct name is E. L. Caldwell & Sons, Inc.), Defendants.**

**Civ. No. 65–193.**

United States District Court
D. Oregon.

July 26, 1967.

See also D.C., 257 F.Supp. 32.

---◇---

Philip A. Levin, Pozzi, Levin & Wilson, Portland, Or., for plaintiff.

Thomas Cavanaugh, Vergeer, Samuels, Cavanaugh & Roehr, Portland, Or., for defendants Sumoge.

Gordon Moore, Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for defendant Caldwell Mfg. Co., Inc.

## OPINION AND ORDER

KILKENNY, District Judge:

Plaintiff has a jury verdict for $93,000.00 against both defendants. Defendants, by their motions for judgments notwithstanding the verdict and for a new trial, seek to set aside the verdict and the judgment entered thereon.

Plaintiff was severely injured while employed by defendants Sumoge in Oregon in April, 1964. The injury resulted when plaintiff's leg was caught in the drive-shaft of a "brush cutter" machine, manufactured by defendant Caldwell and owned by defendants Sumoge. Defendants Sumoge owned and operated a fruit orchard in which the machine was being used at the time of the accident. Caldwell manufactured the machine at its Texas plant and sold the machine .c.o.d., Corpus Christi, Texas, to Independent Distributors of Portland, an Oregon business concern. The machine was delivered by Independent Distributors to Central

Sales of Hood River, who, in turn, sold it to Mrs. Sumoge. Defendant Caldwell had no connection with the machine after the sale to Independent Distributors. The liability of defendant Caldwell was submitted to the jury under two theories: (1) liability under the Employers' Liability Act of Oregon,[1] which made an employer subject to the rules and regulations of that state's Industrial Accident Commission; (2) strict liability for the manufacture of a defective piece of farm machinery. Plaintiff makes no claim that the case should have been submitted under a theory of common law negligence. Plaintiff charged defendant Caldwell with a violation of the Employers' Liability Act in that: (1) it manufactured, designed and placed on the market the Caldwell brush cutter without a guard around the drive shaft gear pin, and (2) failed to properly notify prospective buyers of the brush cutter that a shear pin guard was available and warn purchasers of the dangers inherent in operating without proper guards. The drive shaft of the brush cutter on which the universal joint was located was designed to operate from a power take-off on a farm tractor. The brush cutter had been operated in this manner by the Sumoges and their employees for a number of years before the accident. It is undisputed that the drive shaft would not operate or move unless the power take-off on the tractor was in operation. Clearly, the power take-off on the tractor was in operation, or the accident would not have occurred. Plaintiff readily concedes these facts. He claims he stopped the tractor, placed it in neutral and had commenced to remove some brush from around the drive shift at the time of the accident. He suggests that the gear box on the tractor was defective and that the shaft started spinning while he was removing the material. To support this claim, he testified to previous occasions on which the tractor, without any action on his part, started the operation of the power take-off. This defect was reported to his employer.

On these facts, I hold that the Oregon Employers' Liability Act does not apply and that the case should not have been submitted to the jury on that theory. This conclusion finds adequate support in Thomas v. Foglio, 225 Or. 540, 358 P.2d 1066 (1961). It is there held that one who merely sells equipment, which is intended for use and is used by workmen and who, after the sale, is not involved in the use to which the equipment is put, is not an employer under the Act. It is there emphasized that one who merely supplies equipment which is to be used in the course of an employment is not an employer under the Employers' Liability Act. This is true for the obvious reason that the Act cannot apply unless the defendant, in some sense, has "charge of" or is "responsible for" the work out of which the injury arose. Participation by the defendant in the work is absolutely essential. A

[1]. ORS 654.305 *Protection and safety of persons in hazardous employment generally.*

"Generally, all owners, contractors or subcontractors and other persons having charge of, or responsible for, any work involving a risk or danger to the employes or the public, shall use every device, care and precaution which it is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices."

ORS 654.310 *Protective measures to be observed regarding certain machines,* *equipment and devices which are dangerous to employes.*

"All owners, contractors, subcontractors or persons whatsoever, engaged in the construction, repairing, alteration, removal or painting of any building, bridge, viaduct or other structure, or in the erection or operation of any machinery, or in the manufacture, transmission and use of electricity, or in the manufacture or use of any dangerous appliance or substance, shall see that:

\* \* \* \* \* \*

(4) All dangerous machinery is securely covered and protected to the fullest extent that the proper operation of the machinery permits."

\* \* \* \* \* \*

sufficient participation is existent where it amounts to a cooperative conduct in accomplishing the task. Pruett v. Lininger, 224 Or. 614, 356 P.2d 547 (1960). However, a common interest in an economic benefit which might accrue from the accomplishment of the task may not be sufficient. Fisher v. Rudie Wilhelm Whse. Co., 224 Or. 26, 355 P.2d 242 (1960). It has even been suggested that there must be an operational commingling of the employees of two employers. Pruett v. Lininger, supra.

Under no stretch of the imagination can it be said that defendant Caldwell "participated in" the fruit orchard enterprise of defendants Sumoge. Nor can it be said that there was an intermingling of duties and responsibilities between these two parties, as mentioned in Myers v. Staub, 201 Or. 663, 272 P.2d 203 (1954). Caldwell had no direct connection with the Sumoges, nor their orchard problems. True enough, it supplied the equipment, but it did not have "charge of", nor was it "responsible for" the *plaintiff's work. On these facts, defendant's sale of its brush cutter to a predecessor in interest of Sumoges is not encumbered with the duties imposed by the Oregon Employers' Liability Act.*

■ However, I am of the opinion that the issue of strict liability was properly submitted against defendant Caldwell. Caldwell manufactured a guard for the particular joint which caused the injury and that fact could well be viewed as evidence that the *product*, as that word is used in Section 402A of the Restatement, Torts 2d, was in a defective condition, unreasonably dangerous to the user. Furthermore, Caldwell could have foreseen that a user might, from time to time, be compelled to remove debris from around the joint while the motor of the tractor was running, although the power take-off was in neutral. Additionally, Caldwell might have foreseen that the power take-off could be engaged by either the negligence of a third person, such as another operator or a defective take-off appliance, or for that matter, a pure accident. Here, there was substantial evidence that the drive shaft was engaged due to a defective power take-off. A jury question was presented on the issue of strict liability. Hills v. McGillvrey, 240 Or. 476, 402 P.2d 722 (1965). Caldwell's motion for a directed verdict or a judgment notwithstanding the verdict is denied. Its motion for a new trial must be granted.

■ Turning now to the pending motions of the defendants Sumoge. They do not question the propriety of applying to them the duties imposed by the Employers' Liability Act of the State of Oregon. For that matter, they insist that they are relieved from liability under the provisions of ORS 654.315,[2] a part of the Act, in that they claim that plaintiff was their foreman in charge of the work. Howard v. Foster & Kleiser Co., 217 Or. 516, 332 P.2d 621, 342 P.2d 780 (1959); Skeeters v. Skeeters, 237 Or. 204, 389 P.2d 313, 391 P.2d 386 (1964); Bartley v. Doherty, 225 Or. 15, 351 P.2d 71, 357 P.2d 521 (1960). The record in this case would support a finding that the plaintiff, on occasion, may have been a foreman, while on other occasions he was nothing more than a common laborer. Under the evidence, the jury could well have found that the activity in which he was engaged at the time of the accident consisted of nothing more than work of a common laborer and that he was not acting in the capacity of a foreman at that time. For that matter, on most occasions, the plaintiff was doing nothing more than the functions normally performed by a common employee. Consequently, the motion of the defendants Sumoge for a directed verdict or a judgment notwithstanding the verdict must be denied.

---

2. ORS 654.315 *Persons in charge of work to see that ORS 654.305 to 654.335 is complied with.*

"The owners, contractors, subcontractors, foremen, architects or other persons having charge of the particular work, shall see that the requirements of ORS 654.305 to 654.335 are complied with."

Sumoges' motion for a new trial presents a much more serious problem. I feel that the amount of the verdict, in the light of the injuries, is exceptionally large. Under my instructions, the jury could have found that the corporate defendant and the individual defendants were both liable under the Employers' Liability Act. In other words, the jury, in fixing the amount of the damages, might well have looked to the corporate capacity of Caldwell and its failure to comply with the requirements of the Act, as factors in assessing the large amount of damages against both defendants.

The error in submitting to the jury, Caldwell's liability under the Oregon Employers' Liability Act, and the excessiveness of the verdict, make it necessary to offer plaintiff an alternative. If, within ten days from the date of this order, the plaintiff files in this Court a remittitur reducing the amount of the verdict and judgment to $55,000.00, and forgiving that in excess thereof, the motion of the defendants Sumoge for a new trial will be denied. Otherwise, the motion for a new trial will be granted.

It is so ordered.